CECIL FLETCHER BLEVINS, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1328-89-3

Decided December 18, 1990

COUNSEL

Barry L. Proctor (Nancyjean Bradford; Bradford & Associates, P.C., on brief), for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J.,—On April 29, 1988, Carol Ann Blevins was shot and killed while she was at work as a legal secretary in Abingdon. Cecil Blevins was convicted of murdering her and using a firearm in the commission of a felony. He was sentenced to life on the murder charge and two years on the firearm charge. On appeal, he argues that (1) the trial court erred in ordering him, under Code § 19.2-169.5(E), to disclose Dr. Savage's report; and (2) the trial court erred in refusing to overturn the verdict on the ground that he had shown he was acting under an irresistible impulse at the time of the shooting. We affirm.

By order of the Washington County Juvenile and Domestic Relations District Court, Blevins was examined by Dr. Miller M. Ryans, a state employed psychiatrist at Central State Hospital, to determine if Blevins was sane at the time of the offense. This report was sent solely to defense counsel in accordance with Code § 19.2-169.5(E). The defense counsel voluntarily disclosed this report to the Commonwealth.

Blevins then privately consulted Dr. Steven R. Savage, a licensed clinical psychologist. On December 15, 1988, Blevins gave the Commonwealth notice of his intent to present an insanity defense at trial pursuant to Code § 19.2-168. On December 23,

1988, the Circuit Court of Washington County ordered Blevins to undergo additional evaluation. This evaluation was performed by Dr. Arthur Centor, a state employed psychologist. This report was disclosed to the defense and to the Commonwealth.

On January 9, 1989, the Commonwealth filed a motion with the trial court requesting that Blevins disclose any psychiatric, psychological or medical records of evaluations concerning his sanity at the time of the offense. The defense objected to such a disclosure on the grounds that it had not sought discovery under Rule 3A:11 and therefore the Commonwealth was not entitled to Dr. Savage's report. On January 10, 1989, the trial court ordered that Dr. Savage's report be disclosed to the Commonwealth pursuant to Code § 19.2-169.5(E).

Code § 19.2-169.5(E) provides:

> The report described in subsection D shall be sent solely to the attorney for the defendant and shall be deemed to be protected by the lawyer-client privilege. *However, the Commonwealth shall be given the report, the results of any other evaluation of the defendant's sanity at the time of the offense,* and copies of psychiatric, psychological, medical, or other records obtained during the course of any such evaluation, *after the attorney for the defendant gives notice of an intent to present psychiatric or psychological evidence pursuant to § 19.2-168.* (emphasis added).

The statute clearly provides that the Commonwealth is entitled not only to the report ordered under Code § 19.2-169.5, but also to the results of any other evaluation of the defendant's sanity when notice is given by the defense pursuant to Code § 19.2-168. Dr. Savage's report falls under the phrase "any other evaluation." Section 19.2-169.5(E) cannot be read as applying only to the report ordered under paragraph A, as argued by Blevins. "Where a statute contains language which has a definite and precise meaning, and is expressed in clear and concise terms which manifest the intent, courts must adopt that plain meaning." *Polk v. Commonwealth,* 4 Va. App. 590, 594, 358 S.E.2d 770, 772 (1987). Therefore, the court was correct in ordering that Dr. Savage's report be disclosed to the Commonwealth.

■ The finder of fact is not required to accept as conclusive the opinion of an expert. *Godley v. Commonwealth*, 2 Va. App. 249, 251, 343 S.E.2d 368, 370 (1986). The jury has a right to weigh the testimony of all the witnesses, experts and otherwise. *Hill v. Commonwealth*, 8 Va. App. 60, 64, 379 S.E.2d 134, 137 (1989)(*en banc*). Even though the experts presented conflicting evidence, our review of the record discloses sufficient evidence for the jury to find that Blevins was sane and to convict him of murder.

Accordingly, we affirm the judgments of the trial court.

*Affirmed.*

Koontz, C.J., and Baker, J., concurred.