COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


JEFFREY S. SMITH

v.   Record No. 0206-01-2

KATHY D. MANN                              MEMORANDUM OPINION[*] BY
                                        JUDGE ROSEMARIE ANNUNZIATA
KATHY D. MANN                              DECEMBER 18, 2001

v.   Record No. 0647-01-2

JEFFREY S. SMITH


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   George F. Tidey, Judge

         Ronald S. Evans (Brenner, Evans & Yoffy, P.C.,
         on briefs), for Jeffrey S. Smith.

         Robert L. Flax (Flax & Stout, on briefs), for
         Kathy D. Mann.


     Jeffrey S. Smith contends on appeal that the trial court

erred when it denied his petition to reduce his child support

obligation.  Smith specifically argues that the evidence fails

to support the court's finding that Gary, a child of the parties

who was over age eighteen, was "mentally deficient and entitled

to support."  Kathy D. Mann cross appeals on the ground that the

trial court failed to impute income to Smith and failed to

include as part of Smith's gross income certain funds received

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

from his father in 1998. For the reasons that follow, we affirm.

## I.

### Procedural History

The parties' marriage was dissolved by final decree of divorce entered on November 29, 1990. Three children were born of the marriage: Jeffrey Smith, born on December 18, 1981, Bart Smith, born on June 26, 1978, and Gary Smith, born on July 19, 1975.

On March 8, 1991, the trial court ordered Smith to pay $775 per month for the support, maintenance and education of the parties' three children. On June 23, 1993, the court decreased the amount to $535 per month, because Smith had custody of one of the children, to continue until further order of the court.

On July 19, 1993, Gary Smith turned eighteen. On June 26, 1996, Bart Smith turned eighteen. On August 7, 1996, Smith petitioned to further reduce his child support obligation claiming that "the two oldest children have been emancipated by age." On August 14, the matter was reinstated.

On March 1, 1999, the trial court found Gary Smith "mentally deficient and entitled to support." It applied the child support guidelines and ordered Smith to pay $292.42 a month in child support for his two unemancipated children. The court declined to impute income to Smith or for funds received from his father in 1998.

## II.

### Analysis

#### A.  Smith's Appeal

Code § 20-124.2(C) provides in pertinent part:

> The court may also order the
> continuation of support for any child
> over the age of eighteen who is (i)
> severely and permanently mentally or
> physically disabled, (ii) unable to
> live independently and support himself,
> and (iii) resides in the home of the
> parent seeking or receiving child
> support.

Smith appeals the trial court's finding that Gary Smith, who is over the age of eighteen, was "mentally deficient and entitled to support."  Smith concedes that Gary is seriously mentally disabled, but contends the evidence failed to prove that his disability is "permanent." We disagree.

"Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994). Therefore, we review the evidence in the light most favorable to Mann, the party prevailing below on this issue.  Germek v. Germek, 34 Va. App. 1, 8, 537 S.E.2d 596, 600 (2000).

Kent McDaniel, Gary's treating psychiatrist since July 1997, testified that Gary suffers from a learning disability, depression, attention deficit hyperactivity disorder, a minimal brain dysfunction syndrome, and, most significantly, chronic

-3-

disorganized schizophrenia.  Disorganized speech, disorganized thoughts, disorganized behavior, and inappropriate or flat affect characterize chronic disorganized schizophrenia.  His daily medication includes risperdal, ritalin, and an antidepressant.  Prior to beginning treatment with McDaniel, Gary was hospitalized for two years at Central State Hospital for schizoaffective disorder, bipolar type, substance abuse problems, and a psychosocial and environmental problem.[1]  He was discharged in January 1997 on the condition that he receive medication and "intensive community follow-up" at Lakeside House, a day treatment program for mentally ill persons.  The discharge notice designated him as mentally ill, not recovered.

Addressing the issue of permanency, McDaniel further testified that Gary's prognosis is complicated because his illness does not present a classic case of chronic disorder schizophrenia.  Notwithstanding the difficulties posed by Gary's syndrome, McDaniel stated that his prognosis is "poor in the sense that we wouldn't expect much change unless there's some kind of treatment that would benefit Gary."  No such available treatment was identified by McDaniel.  According to McDaniel, Gary is unlikely to ever be able to live on his own or support

---

[1] According to McDaniel, a diagnosis of schizoaffective disorder, bipolar type, is based on the presence of a bipolar mood disorder and psychotic symptoms such as disorganized behavior, hallucinations or illusions.

himself.  On cross-examination, he agreed that he was not able to say that Gary is "permanently mentally disabled."

This medical and testimonial evidence, viewed as a whole, supports the trial court's conclusion that Gary Smith is "severely and permanently mentally disabled" within the meaning of Code § 20-124.2(C).  Smith argues, however, that, because McDaniel could not opine that Gary is "permanently" mentally disabled, Mann failed to sustain her burden of proof on that issue.  We disagree.

The law is well settled in Virginia that the fact finder must consider the evidence as a whole, and is not required to accept the opinion of an expert as conclusive.  McLane v. Commonwealth, 202 Va. 197, 206, 116 S.E.2d 274, 281 (1960); Piatt v. Piatt, 27 Va. App. 426, 434, 499 S.E.2d 567, 571 (1998); Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc); Blevins v. Commonwealth, 11 Va. App. 429, 432, 399 S.E.2d 173, 175 (1990); Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989); Godley v. Commonwealth, 2 Va. App. 249, 251, 343 S.E.2d 368, 370 (1986).  In this case, the trial judge credited McDaniel's testimony stating that Gary's condition is chronic and "doesn't go away and doesn't get better."  The court discounted McDaniel's inability to opine that Gary is "permanently mentally disabled," resolving any conflict posed by this response in favor of his testimony establishing permanency as a matter of fact, and in light of

-5-

McDaniel's explanation that the issue of permanency, was, in part, contingent on what new treatments may become available. See Street, 25 Va. App. at 387, 488 S.E.2d at 688 (noting that the trier of fact "has the discretion to accept or reject any of the witness' testimony"); Barnes v. Wise Fashions, 16 Va. App. 108, 111, 428 S.E.2d 301, 303 (1993) (trial court may resolve any apparent conflicts in the testimony of an expert). We, therefore, affirm the trial court's finding that Gary is permanently mentally disabled and entitled to continued support from his father.

### B. Mann's Appeal

Mann appeals the trial court's calculation of the child support award on the ground that it erroneously declined to impute income to Smith based on his voluntary underemployment in accordance with Code § 20-108.1(B)(3).[2]  She contends that Smith was voluntarily underemployed in 1998 because he chose to pursue a lawn care business rather than the more lucrative employment of caring for his sister.  Her contention is without merit.

The trial court's "refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780,

---

[2] On appeal, Mann also argues that the trial court erred by failing to include in Smith's income a loan from his father of $4,165 in 1998, which he had not repaid by the time of trial. Because Mann failed to raise this issue before the trial court, we will not consider it here.  Rule 5A:18.

784 (1999). Furthermore, "[t]he burden is on the party seeking imputation to prove that the other parent was voluntarily foregoing more gainful employment, either by producing evidence of a higher-paying former job or by showing that more lucrative work was currently available." Niemiec v. Dep't of Soc. Servs., Div. of Child Support Enforcement, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998) (citations omitted).

The evidence proved that Smith earned approximately $30,000 in 1996 selling life insurance at Virginia Asset Management, cutting grass, and providing nursing care for his sister, who was described as a grand mal epileptic. Smith's sister was placed in his care for about four and a half months when her parents could no longer afford the costs of the treatment center that had been caring for her. Smith's sister moved out of his home in October 1996, and he thereafter left his job at Virginia Asset Management in December 1996. Hoping to increase his income, he started a lawn care business, Environmental Turf Care in January 1997. Three or four months later, his sister sought to return to Smith's home, a request that Smith refused because he was "so busy with his new business." She lived with her parents at the time of the hearing.

Mann presented no evidence that Smith asked his sister to leave or otherwise voluntarily terminated his employment as her caretaker in October 1996. Nor did she provide evidence that Smith would be paid for his caretaker services had he acceded to

his sister's request, and in what, if any, amount.  That failure of proof precludes a finding that Smith "was voluntarily foregoing more gainful employment."  <u>Niemiec</u>, 27 Va. App. at 451, 499 S.E.2d at 579 (holding that party seeking imputation of income must produce evidence that former spouse voluntarily left a higher paying job or "that more lucrative work was currently available"); <u>see</u> <u>also</u> <u>Hur v. Dep't of Soc. Servs., Div. of Child Support Enforcement</u>, 13 Va. App. 54, 61, 409 S.E.2d 454, 459 (1991) (holding that party seeking imputation of income must provide sufficient evidence to "enable the trial judge reasonably to predict what amount could be anticipated").

Accordingly, we hold that the trial court properly determined that Smith was not voluntarily underemployed and affirm its decision not to impute income to Smith in calculating the child support award.

<u>Affirmed</u>.