COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Elder
Argued at Alexandria, Virginia


MARLENE NIEMIEC
                                            OPINION BY
v.         Record No. 1744-97-4    JUDGE LARRY G. ELDER
                                            JUNE 2, 1998
COMMONWEALTH OF VIRGINIA, DEPARTMENT
 OF SOCIAL SERVICES, DIVISION OF
 CHILD SUPPORT ENFORCEMENT, ex rel.
 JOHN R. NIEMIEC


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Arthur B. Vieregg, Jr., Judge

          Kevin E. Smith (Schumack & Smith, on briefs),
          for appellant.

          William K. Wetzonis, Special Counsel (Nancy
          J. Crawford, Regional Special Counsel;
          Richard Cullen, Attorney General; William H.
          Hurd, Deputy Attorney General; Robert B.
          Cousins, Jr., Senior Assistant Attorney
          General; Craig M. Burshem, Regional Special
          Counsel, on brief), for appellee.



     Marlene Niemiec ("mother") appeals the trial court's order

requiring her to pay $440 per month in child support to John R.

Niemiec ("father") through the Division of Child Support

Enforcement ("division").  She contends the trial court erred

when it imputed income to her when calculating her child support

obligation.  For the reasons that follow, we reverse.

                              I.

                            FACTS

     The parties were married in 1984, had two daughters, and

divorced in 1995.  As part of its divorce decree, the trial court

awarded custody of the parties' children to father and entered no

order regarding child support.

On February 12, 1997, the Division of Child Support Enforcement ("division") filed a motion on behalf of father seeking a court order requiring mother to pay child support to father through the division. On June 20, 1997, the trial court held a hearing on the division's motion. The record in this case does not contain transcripts of the hearing, and the evidence presented by the parties has been summarized in a written statement of facts. According to this statement, father testified that mother worked part-time as a day care provider during the parties' marriage. He testified that she cared for between two and five children at a time and "received significant compensation."

Mother testified that, since December 1996, she had been employed part-time as an administrative assistant. She earned $9 per hour, and her employer generally limited her to no more than twenty hours work per week. Occasionally, she had been allowed to work thirty hours per week. The parties stipulated that her current actual income was $780 per month. Mother testified that, while the parties were married, she stayed at home to care for their children and "earned money as a day care provider for other children." She testified that, following the parties' divorce in November 1995, she actively looked and applied for "full-time work and better jobs." As of the date of the hearing, all of her attempts were unsuccessful. She testified that she was still a

licensed day care provider in Virginia but that she had not sought employment in this field, either full time or part-time. Mother testified that she did not suffer from any physical or mental impairments that would prevent her from working full time.

A child support worksheet included in the record indicates that, based on the parties' current actual incomes, the presumptively correct amount of mother's child support obligation was $252.05. The division argued that the trial court should depart upward from the guideline amount because mother was voluntarily underemployed. In support of its argument, the division calculated the presumptively correct amount of mother's obligation based on the assumption that she worked forty hours per week at her current hourly wage. Based on this amount of income, mother's child support obligation under the guidelines was $463.94 per month.

At the conclusion of the presentation of evidence, the trial court found that the presumptively correct amount of mother's child support obligation was $252. The trial court found that "there has been no evidence to demonstrate that [mother] is not able to work a full-time (40-hour) position." The trial court found that she was voluntarily underemployed and imputed additional income to her of $780 per month. The trial court found that, based on monthly income of $1,560 per month, the presumptively correct amount of mother's child support obligation was $464 per month. The trial court then found that mother had

3

previously incurred debts to support the children and awarded her a monthly credit of $24 to pay off these debts. It then ordered mother to pay father $440 per month in child support through the division.

II.

IMPUTATION OF INCOME

Mother contends the trial court erred when it deviated upward from the presumptively correct amount of her child support obligation by imputing income to her. She argues the evidence was insufficient to support the trial court's finding that she was voluntarily underemployed. We agree.

In any proceeding to determine a parent's child support obligation, "there is a rebuttable presumption that the amount determined in accordance with the statutory guidelines, Code § 20-108.2, is the correct award." Brooks v. Rogers, 18 Va. App. 585, 591, 445 S.E.2d 725, 728 (1994). If the presumptive amount is unjust or inappropriate, the trial court may deviate from it based upon the factors found in Code § 20-108.1. See Watkinson v. Henley, 13 Va. App. 151, 158, 409 S.E.2d 470, 473-74 (1991). Following a divorce, a parent may not voluntarily pursue low paying employment "to the detriment of support obligations to the children." Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993); see also Auman v. Auman, 21 Va. App. 275, 279, 464 S.E.2d 154, 156 (1995). As such, except as provided in Code § 20-108.1(B)(3), a trial court determining child support is

4

required to impute income to a parent who is found to be voluntarily underemployed. See Hamel v. Hamel, 18 Va. App. 10, 12, 441 S.E.2d 221, 222 (1994); see also Code § 20-108.1(B)(3), (11) (stating that "[i]mputed income to a party who is voluntarily unemployed or voluntarily under-employed" and the "[e]arning capacity . . . of each parent" are factors on which the trial court may justify a deviation from the presumptively correct amount of child support).

When asked to impute income to a parent, the trial court must consider the parent's earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and children. See Brooks, 18 Va. App. at 592, 445 S.E.2d at 729 (citing Code § 20-108.1(B)). The burden is on the party seeking the imputation to prove that the other parent was voluntarily foregoing more gainful employment, either by producing evidence of a higher-paying former job or by showing that more lucrative work was currently available. See Brody, 16 Va. App. at 651, 432 S.E.2d at 22; Hur v. Virginia Dept. of Social Services Div. of Child Support Enforcement ex rel. Klopp, 13 Va. App. 54, 61, 409 S.E.2d 454, 459 (1991); see also Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991). The evidence must be sufficient to "enable the trial judge reasonably to project what amount could be anticipated." Hur, 13 Va. App. at 61, 409 S.E.2d at 459. "If a trial court

5

imputes income to a party, it must make written findings explaining why imputed income to the party would make it unjust or inappropriate to award the presumptive amount of child support." Brody, 16 Va. App. at 650, 432 S.E.2d at 21-22.

A trial court's decision to deviate from the presumptively correct amount of child support based upon imputed income will not be disturbed on appeal if it is supported by the evidence and the trial court has not otherwise abused its discretion. See Brooks, 18 Va. App. at 592, 445 S.E.2d at 729. The trial court's award must be "based upon 'circumstances in existence at the time of the award' and not upon speculation or conjecture." Id.

We hold that the evidence was insufficient to support the trial court's conclusion that mother was voluntarily underemployed. The summary of the evidence contained in the written statement of facts indicates that a finding that mother had voluntarily foregone higher-paying employment could only be made by supplementing the evidence presented with surmise and conjecture.

First, no evidence in the record indicates that mother previously left higher-paying employment. Although a trial court may impute income to a parent "based on evidence of recent past earnings," Brody, 16 Va. App. at 651, 432 S.E.2d at 22, the evidence of mother's past earnings did not establish that her remuneration from her current part-time job as an administrative assistant represented a reduction in income. The written

6

statement of facts prepared by the parties states only that mother worked part-time as a day care provider during the parties' marriage and that she earned "significant compensation." The statement of facts does not quantify how "significant" mother's income was from this work. Moreover, both mother's prior work as a day care provider and her current job as an administrative assistant were part-time vocations, and the record does not otherwise indicate that her income as a day care provider was greater than her income as an administrative assistant.

In addition, the evidence regarding the employment opportunities currently available to mother does not support the trial court's finding that she could earn twice her current income by working forty hours per week. The record established that mother could not double her income by working forty hours per week for her current employer. Although mother earned $9 per hour from her current job, the record established that her employer never permitted her to work more than twenty-to-thirty hours per week. In addition, the evidence in the record regarding mother's search for better-paying employment does not indicate that she failed to market herself adequately. Mother's uncontradicted testimony established that she had "actively look[ed] and appl[ied] for full-time work and better jobs" since the parties' divorce and that all of her efforts had been unsuccessful. Although mother had not sought full-time work as a

7

day care provider, a position for which she was still licensed, the record did not establish that such positions were available or that her earnings from full-time work in this field would be greater than her current income.

For the foregoing reasons, we reverse the judgment of the trial court.

<u>Reversed</u>.