## CIRCUIT COURT OF LOUDOUN COUNTY

Joan M. Hart

v.

Randall A. Hodson

January 19, 1999

Case No. CJ98-44

BY JUDGE JAMES H. CHAMBLIN

On July 1, 1998, Joan M. Hart ("Mother") filed a petition in the Loudoun Juvenile and Domestic Relations District Court ("JDR Court") against Randall A. Hodson ("Father") seeking the establishment of child support for their child, Randall A. Hodson, II. The parties had been divorced by decree of the Circuit Court of Fairfax County on August 6, 1991. By their Separation Agreement dated June 21, 1990, which was incorporated in the divorce decree, the parties have joint custody of their child. He resides with each parent on alternating two-week time periods. No child support was provided for in the agreement or the divorce decree.

The JDR Court established an amount of child support to be paid by the Father by order entered September 1, 1998. The Mother has appealed to this Court. The petition was heard in this Court on December 17, 1998. At the conclusion of the hearing, I asked counsel to submit authorities on the issues involved. Counsel have done so, and I have considered them.

For reasons that follow, the Father shall pay to the Mother as child support the sum of $467.00 per month, beginning July 1, 1998, and it is to be paid on the first day of each month thereafter until further order of the Court or until the Father is no longer obligated to pay child support as a matter of law.

In February, 1996, the Mother stopped being employed due to the birth of a child by her second marriage. At the time, she was employed as a secretary

making $34,000.00 annually. In June, 1996, the parties agreed that the Mother would provide after-school care for their son. Accordingly, since June, 1996, the Mother has provided before-school and after-school care for their son even during weeks that he is with the Father.

The Father admitted in Requests for Admissions that the parties agreed that the Mother would be available after school to supervise their child and that his best interests require ongoing, consistent parental supervision.

In April, 1998, the child threatened to jump from a second-story window because he got a B on his report card (all his other grades were As). As a result, he is in therapy. The Mother takes him to therapy. The Father admitted in Requests for Admissions that the child's therapist recommended that the Mother be responsible for the child's after-school care.

The Father's income is $70,000.00 annually.

The presumptive amount of child support is $466.00 per month if the Father is shown to have the child 183 days per year and the Mother is shown to have the child 182 days per year. The presumptive amount is $468.00 per month if the Father has the child 182 days per year and the Mother has the child 183 days per year. I find the presumptive amount for purposes of this case to be the average of the two, or $467.00 per month.

The Father seeks a deviation from the presumptive amount because the Mother is voluntarily unemployed, citing *Hammers v. Hammers*, 216 Va. 30 (1975); *Edwards v. Lowry*, 232 Va. 110 (1986); *Yohay v. Ryan*, 4 Va. App. 559 (1987); and *Antonelli v. Antonelli*, 242 Va. 152 (1991). He argues that the Mother voluntarily assumed the obligations of a new family and elected to stay at home after the birth of her new child.

I would agree with the Father if the Mother alone, for her own personal reasons, decided to quit work, stay home, and take care of not only her new child but also their son before and after school. The Mother provides the ongoing consistent parental after-school supervision for the child on the recommendation of the therapist and by agreement reached with the Father. The Father admits the therapist recommended the Mother provide after-school supervision and the Father agreed to the Mother being available to do so.

Because of the needs of their son and their agreement, the Mother cannot work full-time as she did in 1996 before she gave birth to her new child and began supervising the parties' son after school. The only evidence of what the Mother has made in the recent past is $34,000.00 annually for full-time work in 1996. A party seeking to impute income has the burden to prove that the other parent has voluntarily foregone employment, and the evidence must be sufficient to reasonably project the amount of income that could be anticipated.

*Niemiec v. Commonwealth, Dept. of Social Services,* 27 Va. App. 446, 451 (1998). A 1996 salary for full-time work by the Mother is not sufficient for me to reasonably project an amount of income for the Mother. The Mother may be able to work part time (she testified that she was looking for part-time work during school hours, but she has not yet obtained such work), but the Father offered no evidence of what she could make at a part-time job that would allow her to supervise their son before and after school.

I decline to deviate from the presumptive amount.