COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


WILLIAM HOWELL GROVER, II
                                    MEMORANDUM OPINION[**]
v.   Record No. 1544-01-3              PER CURIAM
                                      NOVEMBER 6, 2001
SANDRA HACKLEY GROVER


            FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                  James W. Updike, Jr., Judge

          (Charles O. Cornelison; Copenhaver, Ellett,
          Cornelison & Derrico, on brief), for
          appellant.

          (Harwell M. Darby, Jr.; Glenn, Feldmann,
          Darby & Goodlatte, on brief), for appellee.


     William Howell Grover, II appeals the decision of the circuit

court refusing to modify the amount of his monthly support

payments to his former wife, Sandra Hackley Grover.  On appeal,

husband argues the trial court erred in finding 1) there had been

no material change in circumstances since the original support

award, and 2) wife was not voluntarily underemployed.  Upon

reviewing the record and briefs of the parties, we conclude that

---

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

## Procedural Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  The parties were married on February 9, 1974.  In November, 1996, the trial court awarded wife a fault-based divorce on the ground of adultery on the part of husband.  The court ordered husband to pay wife $4,000 in monthly spousal support plus an additional amount for child support.  On September 27, 1999, husband filed a petition to reinstate the case and reduce his spousal support payments.  Following an evidentiary hearing, the court found that wife's circumstances had not changed and that she was not voluntarily underemployed and denied the petition.

## Analysis

### I.

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989); Mansfield v. Taylor, 24 Va. App. 108, 114, 480 S.E.2d 752, 755 (1997).  The material change "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay."  Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

-

Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997).

Husband argues wife's circumstances have materially changed since the date of the final decree of divorce. In its letter opinion, however, the trial court noted that it had heard ample evidence of the parties' incomes, assets, and employment situations when it entered the final decree of divorce. The court specifically noted that at the time it had considered the issue of whether wife was voluntarily underemployed. The court also noted that husband was relieved of his child support obligations at the time his son reached maturity, freeing funds that could be used to make his spousal support payments. The court explained that the fact that the child would leave home was well anticipated at the time of the final decree of divorce and did not constitute a material change.

In its letter opinion, the court meticulously reiterated the findings regarding spousal support and the Code § 20-107.1(E) factors it considered. Wife's employment status had not changed since the time of the final decree of divorce and did not constitute a material change in circumstances. The evidence supports the court's ruling that husband failed to present any evidence of a substantial change in circumstances from the time of the final decree of divorce.

-

In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed.  See Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (en banc).  Whether a person is voluntarily unemployed or underemployed is a factual determination.  In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children." Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998).  Furthermore, the party moving the court to impute income has the burden of proving that the other party is voluntarily foregoing more gainful employment.  See id.

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999).  "The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence."  Id.

The court found that evidence presented by husband failed to establish that wife could readily find employment in the health care field in the Bedford, Virginia area.  The court specifically noted she had not worked as a medical technician for over twenty years.  The court also found husband's evidence unreliable because it was based on markets other than the Bedford area, and because it included opinions based almost

-

solely on advertisements and internet research.  The court held that husband had failed to prove by a preponderance of the evidence that wife could currently obtain employment as a medical technician within a reasonable distance from Bedford, Virginia.  The trial court's determination that wife was not voluntarily underemployed was not plainly wrong or unsupported by the evidence.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-