COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Felton and Haley
Argued at Chesapeake, Virginia


GEORGE JEFFREY VERSPRILLE

                                              MEMORANDUM OPINION* BY
v.        Record No. 1785-05-1                JUDGE WALTER S. FELTON, JR.
                                                    FEBRUARY 14, 2006
ELIZABETH ANN GREENWOOD VERSPRILLE


             FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            William R. O'Brien, Judge

              Samuel R. Brown, II (Kaufman & Canoles, P.C., on briefs), for
              appellant.

              Jeanne S. Lauer (Inman & Strickler, PLC, on brief), for appellee.


        George Jeffrey Versprille ("husband") appeals the judgment of the trial court determining

the amount of his child support obligation to Elizabeth Ann Greenwood Versprille ("wife").

Husband asserts that the trial court erred in imputing income of $4,500 per month to him for

purposes of determining child support; that it erred in determining that a portion of the

pre-school fee paid by wife for the parties' daughter, Delaney, was a work-related child-care

cost; and that it erred in awarding wife $1,250 in attorney's fees.  Finding no error, we affirm the

judgment of the trial court and remand to the trial court for a determination of attorney's fees and

costs awarded to wife in this appeal.

                                     BACKGROUND

        On appeal, we review the evidence, and all reasonable inferences fairly deducible from it,

in the light most favorable to the prevailing party below, here wife.  Alphin v. Alphin, 15

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 395, 399, 424 S.E.2d 572, 574 (1992).  So viewed, the record reflects that the parties

married in December 1990.  Two children were born of the marriage, a son, Davis, and a

daughter, Delaney, ages nine and five respectively, at the time of the proceedings in the trial

court.  In September 2003, a *pendente lite* order was entered directing husband to pay wife $900

per month in child support, an amount below the guideline amount specified in Code

§ 20-108.2.[1]  The *pendente lite* award was based in part on husband's income of $55,950 in

2001, and $53,879 in 2002, while he was employed by U.S. Lumber.  Husband ceased working

for U.S. Lumber when it discontinued its operations in the geographic area where husband was

located.  Husband was thereafter employed full-time by Spec-Trim Manufacturing Company,

Inc. ("Spec-Trim").  His total reported income in 2003 was $22,576.  He testified that he initially

received a $1,000 per month "draw" and income from sales commissions from Spec-Trim.

When the guaranteed "draw" ceased to be available to husband, he decided to pursue other

self-employed job opportunities while he continued to work for Spec-Trim on a pure commission

basis as an independent contractor.  Shortly thereafter, husband ceased working for Spec-Trim

and began working for Burkett Appraisal Service, Inc. ("Burkett"), a new business owned by his

sister and brother-in-law, doing real estate appraisals.  His reported income in 2004 was $27,900

while employed by Spec-Trim and Burkett.

At the time of proceedings in the trial court, husband worked solely for Burkett.

Husband testified that he did not make himself available to other appraisal companies as he

wanted to be readily available to perform "emergency appraisals" for Burkett to help establish

his sister's and brother-in-law's new business.  He testified that this decision made it "impossible

for [him] to . . . go out and solicit appraisal work from other appraisers."  He testified that he had

---

[1] Code § 20-108.2 provides a schedule of monthly child support obligations based upon the parties' respective incomes and the number of children.

no ownership or equity interest in Burkett, that his sole income from Burkett was commission-based, and that his income for the first three months of 2005 was $9,960. However, husband verified to a mortgage company in March 2005 that his income was $4,000 per month.

Wife, a full-time public school teacher, earned $4,203 per month. She testified that her work-related child-care expenses were $615 per month, comprised of a payment of $75 per month to Bellamy Manor[2] for nine-year-old Davis' after-school care, and $540 per month to Bellamy Manor for five-year-old Delaney's all-day care. Delaney was enrolled in the pre-kindergarten program at Bellamy Manor, which included an educational component during the morning hours as part of its full day child-care program. The record reflects that the cost for "all day students" ages three to six at Bellamy Manor was $540 per month.

Following the April 2005 trial, wife presented a memorandum to the trial court, pursuant to its direction, setting out her request for attorney's fees and costs in the amount of $2,909.56. Husband failed to respond in writing to wife's memorandum within the time period allocated by the trial court, but did note his objection orally to the trial court in arguing his motion to reconsider its final order of child support. In its final order, the trial court imputed income of $4,500 per month to husband, determined wife's work-related child-care costs to be $615, and awarded wife $1,250 in attorney's fees. This appeal followed.

I.

IMPUTATION OF INCOME

Husband contends the trial court erred in imputing income of $4,500 per month to him for determination of child support. "Imputation of income is used by a trial court when deciding whether to deviate from the presumptive amount of child support, and any child support award

_____

[2] Bellamy Manor School is a private institution providing early childhood education and day-care services.

- 3 -

must be based on circumstances existing at the time the award is made." Albert v. Albert, 38 Va. App. 284, 295, 563 S.E.2d 389, 394 (2002) (internal quotations and citations omitted).

"The burden is on the party seeking the imputation to prove that the other parent was voluntarily foregoing more gainful employment, either by producing evidence of a higher-paying former job *or* by showing that more lucrative work was currently available." Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998) (emphasis added). "Imputation of income is based on the principle that a spouse should not be allowed to choose a low paying position that penalizes the other spouse or any children entitled to support." Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994) (internal citations omitted). Accordingly, "[a] trial court may impute income based on evidence of recent past earnings." Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993).

Husband has a college degree in financial management. Tax records in evidence before the trial court reflect that husband's annual income in 2001 and 2002 was over $50,000. After husband's primary employer ceased doing business in the area, he was employed for a short period by Spec-Trim on a "draw"/commission basis, and then solely on a commission basis. Husband testified that he "decided to go into business for [him]self . . . something that [he] always wanted to do." He did real estate appraisals solely for Burkett, his sister's and brother-in-law's newly established business. The trial court noted that husband's "reduction in income occurred sometime very shortly after the separation, to significantly lower income." Furthermore, the trial judge noted that "I have got some concerns about the date that . . . [husband left former employment] . . . and also about the fact that he is now employed by some close family relatives, which gives me some concern for the veracity of [his reported income]."

On the record before us, we find no error in the trial court's determination that husband was voluntarily underemployed considering his former high-paying jobs and his voluntarily

foregoing more lucrative employment by working solely for his sister's and brother-in-law's new business venture.  We find that the trial court did not abuse its discretion in imputing monthly income of $4,500 to husband in its determination of the appropriate level of child support.

II.

WORK-RELATED CHILD-CARE COST

Husband also argues that the trial court erred in finding that a portion of the fees paid by wife to Bellamy Manor for five-year-old Delaney was a work-related child-care cost.  Code § 20-108.2 permits "[a]ny child-care costs incurred on behalf of the child or children due to employment of the custodial parent [to] be added to the basic child support obligation."  Code § 20-108.2(F).  However, we have held that educational expenses are included within the basic child support obligation and that payment of private school tuition for school-age children is not separately payable as a work-related child-care cost.  Smith v. Smith, 18 Va. App. 427, 435, 444 S.E.2d 269, 275 (1994).

Husband asserted that wife's use of the word "tuition" in her testimony, to describe her payments to Bellamy Manor for Delaney, established that the cost of her day-care at Bellamy Manor was an educational expense and not a work-related child-care expense.  He contended that only $255 of the $540 monthly payment to Bellamy Manor for Delaney should be categorized as "work-related child-care expenses."  Here, Delaney, age five during the time of these proceedings in the trial court, was not eligible to enroll in public school kindergarten.  The trial court concluded that the entire $540 monthly fee was necessary to cover Delaney's all-day care and that wife's use of "tuition" rather than "work-related child-care costs" did not alter the essential character of the work-related day-care Delaney received.  It noted that, "in September, [Delaney] will be going to school [and] [t]here would be tuition cost and day-care cost.  At the current time [the $540] is a day-care expense."

We conclude from the record before us that the trial court did not abuse its discretion in determining the entire payment of $540 per month to Bellamy Manor for five-year-old Delaney was a work-related child-care cost to be added to husband's child-support obligation pursuant to Code § 20-108.2(F).

## III.

## ATTORNEY'S FEES

A trial court's decision to award attorney's fees to a party "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)) (internal quotations omitted). "The key to a proper award is reasonableness under all the circumstances." Brooks v. Brooks, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998).

Over the course of litigation, it was necessary for wife to file numerous motions to compel discovery, as well as motions for sanctions, against husband for his failure to provide financial and other relevant information necessary for the litigation to proceed. As a result, wife incurred increased attorney's fees over the course of the proceedings in the trial court.

At the direction of the trial court, wife timely provided a memorandum to it supporting her request for an award of attorney's fees. Husband failed to file a response to wife's memorandum within the period established by the trial court.[3] The record shows that the trial court's award of $1,250 in attorney's fees to wife was less than the amount she requested. We find no abuse of discretion in the trial court's award of attorney's fees and costs to wife.

---

[3] In his motion to reconsider its award, husband orally requested the trial court to deny attorney's fees to wife.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court imputing income of $4,500 per month to husband; finding the full day-care fee paid by wife to Bellamy Manor for Delaney's pre-kindergarten program to be work-related child-care costs; and awarding $1,250 in attorney's fees to wife.

Additionally, we grant wife's request for attorney's fees and costs associated with this appeal. Accordingly, we remand to the trial court to determine an appropriate award of attorney's fees and costs incurred by wife in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Affirmed and remanded.