COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


PATRICK R. DELANEY

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0460-07-4                  JUDGE JERE M. H. WILLIS, JR.
                                                    DECEMBER 27, 2007
MARY C. DELANEY


               FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              Lisa B. Kemler, Judge

               Patrick R. Delaney, *pro se*.

               George E. Tuttle, Jr., for appellee.


        On appeal from the trial court's denial of his petition to modify his previously ordered

child-support obligation, Patrick R. Delaney contends the trial court erred (1) in granting Mary C.

Delaney's motion to strike his evidence, (2) in holding that he is voluntarily underemployed, (3) in

holding that his "efforts to obtain employment [were] not sufficient," and (4) in ordering him to pay

a portion of Ms. Delaney's attorney's fees.  Ms. Delaney requests that this Court "award to her the

entire attorney's fees incurred and claimed [by her] in the proceeding below."  We affirm the

judgment of the trial court.

                                      BACKGROUND

        On appeal, we view the evidence and all reasonable inferences therefrom in the light

most favorable to Ms. Delaney as the party prevailing below.  See McGuire v. McGuire, 10

Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were married on August 1, 1992 and were divorced by final decree dated July 9, 2001. Three children were born of the marriage. A November 13, 2002 consent decree required Mr. Delaney to pay Ms. Delaney $1,917 monthly child support.

On September 14, 2006, Mr. Delaney moved to modify his child support obligation, alleging a change in circumstances due to his recent unemployment. He claimed that he had been effectively terminated from the law firm at which he worked as an associate. He introduced evidence demonstrating the breakdown in his relationship with his superiors at the firm. It was uncontroverted, however, that he had not been fired, but had resigned his position with the firm on September 1, 2006.

The trial court held that Mr. Delaney had failed to meet his burden of establishing a faultless material change in circumstances warranting a modification of his child support obligation.

## ANALYSIS

### I. through III.

"Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994).

The Virginia Supreme Court has described the burden of proof resting upon a party seeking reduction of a previously ordered child support obligation as follows:

> When invoking the divorce court's continuing jurisdiction under Code § 20-108, following entry of a final decree of divorce, a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement. Edwards [v. Lowry], 232 Va. [110,] 112, 348 S.E.2d [259,] 261 [(1986)]. In discharging this burden, a father seeking a reduction in support payments must also make a full and clear disclosure about his ability to pay, and he must show his claimed lack of ability to pay is not due to his own voluntary act or because

of his neglect.  Id. at 112-13, 348 S.E.2d at 261.  In other words, the father must establish that he is not "voluntarily unemployed or voluntarily under employed."  Code § 20-108.1(B)(3).

Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991).

Generally, "a trial court determining child support is required to impute income to a parent who is found to be voluntarily underemployed."  Niemiec v. Department of Soc. Servs., 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998) (citing Code § 20-108.1(B)(3)).  "Whether a person is voluntarily . . . underemployed is a factual determination."  Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999).  In determining whether to impute income to a party, "the trial court must 'consider the [party's] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children.'"  Id. (quoting Niemiec, 27 Va. App. at 451, 499 S.E.2d at 579 (citing Code § 20-108.1(B))).  "The decision to impute income is within the sound discretion of the trial court and . . . will not be reversed unless plainly wrong or unsupported by the evidence."  Id.

We have distinguished between an obligor's burden of proof in cases involving a request for reduction of an existing court-ordered child support obligation and the burden of proof imposed on a party seeking imputation of income to another for purposes of an initial support award, as follows:

> Although the word, "imputation," is used in this context, the burden of proof remains on husband, not on wife who is arguing for imputation, unlike cases asking for imputed income at the time of the initial award.  Here, the trial court had previously set an amount of support, based on husband's then-salary from [his job at the time of the initial award].  Thus, wife's request for imputation is basically an argument in support of continuing the initial award.  Husband, on the other hand, is asking the court to reduce the previously set support amount.  In meeting his burden on the motion to reduce the awarded support, husband must prove, among other issues, that he should not have his previous income from [his job at the time of the initial award] imputed to him.

Hatloy v. Hatloy, 41 Va. App. 667, 672 n.3, 588 S.E.2d 389, 391 n.3 (2003); see also Stockdale v. Stockdale, 33 Va. App. 179, 184, 532 S.E.2d 332, 335 (2000) ("The burdens of production and persuasion are generally allocated to the party seeking to disturb the status quo.").

Mr. Delaney, seeking reduction of an existing court-ordered support obligation based on an alleged decrease in his earning capacity, was obliged to demonstrate that his income at the time of the original award should not be imputed to him. Id. Cf. Niemiec, 27 Va. App. at 451, 499 S.E.2d at 579. Only after he satisfied that threshold burden did the burden of proof shift to Ms. Delaney to show that he was voluntarily foregoing more gainful employment. See Hatloy, 41 Va. App. at 673-74, 588 S.E.2d at 392

The evidence disclosed that Mr. Delaney resigned his position on September 1, 2006. He introduced into evidence correspondence demonstrating his supervisors' displeasure with his attitude. His demand for promotion, his personal manner, and his disregard for firm protocol had created tension within the firm and with his superiors. However, the introduced correspondence indicated that while his situation at the firm was deteriorating, his supervisors had not decided to discharge him. Furthermore, he became privy to the correspondence only after resigning his position, belying his assertion that he left his job due to his impending termination.

The trial court noted that Mr. Delaney "voluntarily resigned from his job and did so at a time when he had no other viable prospects for employment and, at the same time, had a child support obligation in the amount of approximately $1,900 per month." Although Mr. Delaney claimed his termination from the law firm was imminent, the evidence did not establish this, but proved rather that his September 1, 2006 resignation was voluntary. Concluding Mr. Delaney's "decision to leave his employment without having obtained new employment necessarily evidenced a careless disregard for [his] support obligations," the trial court held that there had

occurred no faultless change of circumstances warranting a change in Mr. Delaney's support obligation. The evidence supports this holding.

"The Supreme Court's analysis in Antonelli makes clear that actions which are *either* purposefully taken with the desire to evade one's support obligations *or* which evidence a careless disregard for one's support obligations, can constitute 'wrong doing' sufficient to warrant imputation of income." Mansfield v. Taylor, 24 Va. App. 108, 114, 480 S.E.2d 752, 755 (1997). Mr. Delaney's decision to leave his job without having secured other employment suitable to meet his support obligation displays a careless disregard of that obligation.

Because Mr. Delaney failed to carry his burden of proving that his income when the original support order was entered should not be imputed to him, the trial court did not abuse its discretion in imputing that income to him. Thus, he failed to prove a cognizable change in circumstances. Accordingly, we find no error in the trial court's striking Mr. Delaney's evidence and its denial of his motion to modify his child support obligation.

IV.

An award of attorney's fees in a divorce suit is discretionary with the court upon consideration of the circumstances and equities of the entire case and is reviewable on appeal only for an abuse of discretion. Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993). The trial court considered evidence that mother's counsel was uncooperative in responding to discovery requests and had unnecessarily protracted the litigation. It awarded wife half the amount of her attorney's fees and costs. Based on the record before us, we cannot say the trial court abused its discretion in making this award.

Affirmed.