COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Powell


LYNN MICHELLE FAVORS

                                                    MEMORANDUM OPINION[*]
v.       Record No. 2309-08-1                              PER CURIAM
                                                        MARCH 17, 2009
DENNIS MICHAEL FAVORS


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Wilford Taylor, Jr., Judge

           (Frederic L. Moschel; Lisa A. Mallory; Moschel & Clancy, P.L.L.C.,
           on brief), for appellant.

           (Kenneth B. Murov, on brief), for appellee.


       Lynn Michelle Favors (wife) appeals from the final decree of divorce entered by the trial

court on August 26, 2008.  Wife argues that the trial court erred by (1) imputing $23,800 in annual

income to her; (2) basing the spousal support award on Dennis Michael Favors's (husband) reported

monthly income and expenses, which wife argues were inaccurate; (3) awarding wife only $833 per

month in spousal support; and (4) awarding only $3,000 in attorney's fees to wife.  Wife also seeks

her attorney's fees and costs incurred in this appeal.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

       Husband and wife married on March 22, 1984, separated in July 2003, and divorced on

August 26, 2008.  There were no children born of the marriage.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

From the beginning of the marriage until approximately 1992 or 1993, wife worked outside of the home. Her last job was as an administrative assistant. She left her job because the problems in her marriage affected her work performance. After approximately one year, she returned to work for a short time. Then, she stayed out of the work force; however, she helped her husband with his businesses and managed the parties' rental properties from the early 1990s until July 2003, when the parties separated.

During the marriage and separation, wife was active in her church. She regularly attended church meetings two to three times per week, and she participated in door-to-door home visits.

In 1999, wife went to her primary care physician for fatigue. Subsequently, wife was diagnosed with Epstein-Barr Virus syndrome, chronic mononucleosis syndrome (CMS), sarcoidosis, restrictive lung disease, and depression.

In June 2007, husband filed a bill of complaint for divorce, and in July 2007, wife filed an answer and cross-complaint.

In July 2007, wife went to the Hampton-Newport News Community Service Board, where she saw a therapist and psychiatrist. She discussed with them her marital situation and its stress on her life.

On September 4, 2007, the trial court entered a *pendente lite* order, awarding temporary spousal support to wife.

The trial court heard testimony and evidence in this matter over three days: April 14, 2008, April 23, 2008, and July 11, 2008. Wife presented evidence regarding her physical and mental condition, and husband presented evidence of wife's ability to work. The trial court imputed income to wife and awarded her $883 per month in spousal support. The trial court also awarded wife $3,000 in attorney's fees. Wife timely noted her appeal.

ANALYSIS

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

Imputing income to wife

Wife argues that that the trial court erred by imputing $23,800 annual income to her.

"The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999).

> In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed. See Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (*en banc*). Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income**,** the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children." Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998).

Id. at 102, 515 S.E.2d at 783-84.

"The party seeking the imputation is required to present evidence 'sufficient to enable the trial judge reasonably to project what amount [of income] could be anticipated.'" McKee v. McKee, 52 Va. App. 482, 491, 664 S.E.2d 505, 510 (2008) (*en banc*) (quoting Joynes v. Payne, 36 Va. App. 401, 421, 551 S.E.2d 10, 20 (2001)).

Here, husband's vocational expert, Peder Melberg, testified about wife's employment options doing light or sedentary work. Melberg met with wife for a diagnostic vocational interview. He reviewed her work history, her hobbies, and activities. He also reviewed her medical and psychiatric history. Melberg testified, "If, indeed, the vocational consequences of

her medical impairments are mild and would not limit her from being in the workplace on a daily basis, then I would find her to be employable." Melberg also noted that wife's symptoms and conditions are subjective. Melberg concluded that wife had transferable skills and an earning capacity of $19,800 to $23,800. In his report, Melberg cites to her August 2, 2007 psychiatric evaluation where wife told the psychiatrist that she "does not want to work as she wants to remain active in her church."

Wife presented evidence regarding her physical and mental condition. Her primary care physician, Dr. Alvin Bryant, testified about wife's condition. Dr. Bryant initially saw wife in 1999, and then saw her just a few times over the next nine years. Dr. Bryant opined that "if she was properly motivated . . . , I would think that she would be able to do some light work. . . . But from a psychological standpoint, . . . she's not mentally and emotionally capable of working [because of her depression]." Dr. Bryant had referred her to a psychologist in 2004, and wife met with the psychologist but did not follow his recommendation of seeking psychotherapy. Dr. Bryant was unaware that she had gone to the Hampton-Newport News Community Service Board. Dr. Bryant also was unaware that even though wife had depression as far back as 1990 due to problems with her marriage, she continued to work during that time.

Wife's psychiatrist, Dr. Mukesh Shah, testified about her mental condition. Dr. Shah initially met wife in August 2007 for treatment of depression. Dr. Shah concluded that wife was unable to work because of her depression. The stressors exacerbating her depression were her diagnosis of sarcoidosis and her marital issues. She repeatedly told Dr. Shah that she was depressed because of her ongoing marital problems. Dr. Shah admitted that her stress would be less once the divorce was final. On October 23, 2007, she asked Dr. Shah to put in his notes that her sarcoidosis affects her energy because, according to Dr. Shah's notes, "[s]he wanted me to document this so she can use it in court when the Judge asks her why she is not working."

- 4 -

Wife's therapist, William H. Yelverton, also testified about wife's mental condition. Yelverton testified that wife reported that she was depressed because of her marital problems and pain from her physical problems.

Wife argues that the trial court "put tremendous weight" on Melberg's testimony, instead of the testimony of her doctors and her therapist.

> [T]he fact finder is not required to accept the testimony of an expert witness merely because he or she has qualified as an expert. McLane v. Commonwealth, 202 Va. 197, 205-06, 116 S.E.2d 274, 281 (1960). In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion. Gilbert v. Summers, 240 Va. 155, 393 S.E.2d 213 (1990).

Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69 (1997) (*en banc*).

Here, the evidence supports the trial court's reliance on Melberg's testimony. Dr. Bryant stated that wife could perform light and sedentary work. Wife initially went to Dr. Shah and Yelverton because of her marital problems. Dr. Shah admitted that when the divorce proceedings concluded, wife's stress would be less. The trial court found Melberg's testimony credible and concluded that she was employable.

Wife next argues that the trial court abused its discretion in immediately imputing income to her. Wife argues that McKee, 52 Va. App. at 490, 664 S.E.2d at 509, controls in this matter and that wife should have had reasonable time to find employment before the judge imputed income to her. However, unlike Ms. McKee, wife does not have three children at home, and wife had been separated from husband for approximately five years when the trial court made its final ruling. Wife had the opportunity to address her mental health issues in 2004 when Dr. Bryant referred her to a psychologist, but she chose not to do so until 2007. Dr. Shah testified that she would have benefited from psychological services during that time period. Wife had been helping husband with his business until they separated, and wife was actively

involved with her church during the separation. Wife told Dr. Shah that she did not want to work because she wanted to continue her church activities. Wife had a reasonable time to find employment during the separation. The trial court did not abuse its discretion in choosing an immediate effective date for the spousal support.

## Husband's income and expenses

Wife argues that the trial court erred in determining spousal support based on husband's reported income and expenses. Wife argues that husband's expenses were inflated and his income was minimized.

Husband owned several businesses. Wife argues that his company pays for part of his personal expenses. She also contends that he did not accurately report his income. However, the trial court found that most of husband's property was in debt and that he did not have the financial resources that wife argued that he had.

The trial court adopted husband's explanation of his income and expenses. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street, 25 Va. App. at 387, 488 S.E.2d at 668 (citation omitted).

The trial court did not abuse its discretion in adopting husband's income and expenses to determine spousal support.

## Amount of spousal support

Wife argues that the trial court abused its discretion in only awarding her $833 per month in spousal support.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

> [T]he trial court must consider all the factors enumerated in Code 20-107.1(E) when fashioning its award, but it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). . . . Where that evidentiary foundation exists and the record discloses that the trial court "has given due consideration to each of [the statutory] factors," we will not disturb its determination as to spousal support on appeal.

Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005).

The trial court explained its spousal support award by making specific findings according to the factors in Code § 20-107.1. The trial court spent considerable time explaining its spousal support award based on wife's physical and mental conditions and her earning capacity. The trial court also discussed husband's income and expenses, the standard of living, the duration of the marriage, the contributions of the parties to the well-being of the family, the parties' property interests, and the equitable distribution award.

Therefore, the court properly considered the factors in Code § 20-107.1(E) and did not abuse its discretion in awarding wife $833 per month in spousal support.

Attorney's fees

First, wife argues that the trial court erred by only awarding her $3,000 in attorney's fees.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Wife presented evidence that her attorney's fees were $16,692.50. Husband presented evidence that his attorney's fees were approximately $10,000; however, he incurred additional

expenses with his previous attorney. When the trial court made the $3,000 award, it commented, "Those are not all. I realize that. But it's going to be toward her expenses. . . . Because she did prevail on the alimony issue."

Considering the circumstances in this matter, the award of attorney's fees is reasonable, and the trial court did not abuse its discretion.

Both parties request attorney's fees and costs incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Since husband has prevailed in this appeal, we deny wife's request for attorney's fees. Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008). Moreover, although husband prevailed, he offers no reason to require wife to pay any of his appellate expenses. In addition, nothing in the record indicates wife "generated unnecessary delay or expense in pursuit of [her] interests." Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004). Therefore, we also deny husband's request.

## CONCLUSION

The trial court's rulings on imputing income to wife, husband's income and expenses, the amount of the spousal support award, and the attorney's fees award are summarily affirmed. Rule 5A:27.

Affirmed.