COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


ROBERT A. BLACKBURN
                                            OPINION BY
v.    Record No. 0259-98-3        JUDGE SAM W. COLEMAN III
                                           JUNE 29, 1999
JOAN LAVONNE MICHAEL


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                   John J. McGrath, Jr., Judge

           Franklin R. Blatt (Christopher J. Smith, on
           brief), for appellant.

           Walter F. Green, IV (Green & O'Donnell, on
           brief), for appellee.


     Robert A. Blackburn (husband) moved the trial court to

reduce his spousal support obligation, which amount had been

agreed upon in a property settlement agreement incorporated by

reference into the divorce decree, and to increase Joan Lavonne

Michael's (wife's) child support obligation.  He based both

motions upon the fact that wife's earning capacity had

increased.  Although the trial court imputed income to wife for

the purpose of increasing her child support obligation, the

court declined to impute income to her for the purpose of

reducing husband's spousal support obligation and determined

that wife's change in circumstance did not warrant modification

of spousal support.  Husband contends the trial court erred in

not imputing income to wife for the purpose of determining

spousal support and applied the wrong standard for determining whether to modify the spousal support award. We agree that the court erred in not imputing income to the wife for purposes of determining spousal support and in the standard it applied. Accordingly, we reverse the decision of the trial court and remand the case for further consideration.

BACKGROUND

Robert A. Blackburn and Joan Lavonne Michael were divorced by a decree that incorporated their property settlement agreement. That agreement provided in relevant part as follows:

> Husband shall pay to Wife spousal support in the monthly amount of $642.00, payable on September 1, 1996, and continuing each and every month thereafter until the death of either party, the remarriage of Wife, or modified by a Court of competent jurisdiction.

The agreement also awarded the wife custody of the party's minor child and provided an amount for child support, which provisions the court also incorporated in the decree. Several months after entry of the decree, the juvenile and domestic relations district court transferred child custody to the husband and ordered wife to pay husband $122 a month in child support.

Approximately eight months after the divorce decree, husband filed a motion for the court to reduce his spousal support obligation. The motion alleged as the ground for modification that wife's earnings and earning capacity had

-

increased.  After entry of the divorce decree, wife had received diplomas certifying her as a "computer operations specialist" and a "legal secretary."

After hearing the motion, the trial court made two separate and distinct findings.  First, the court found that a material change in circumstances had occurred because, by completing her training, wife had increased her earning capacity.  Thus, the court imputed to her income of $1,039 per month for the purpose of determining child support.  Based on the imputed income, the trial court increased wife's child support obligation in accordance with the guidelines from $122 per month to $222.45 per month.

Next, the court held that wife's change in circumstances did not warrant a modification of the amount of spousal support which had been incorporated from the property settlement agreement.  In deciding to modify child support but not spousal support, the trial court emphasized the significance of the parties' recently-executed property settlement agreement, which fixed the amount of spousal support.  The trial court ruled that although the language of the property settlement agreement and Code § 20-109 expressly authorized it to modify the agreed upon spousal support award, considering the language of the property settlement agreement, its comprehensive nature, and considering how recently the parties had executed the agreement, a change in circumstances would have to be "very dramatic" or a "real clear,

-

meaningful, significant material change" to warrant modification of the amount of spousal support. The trial court concluded that "there ha[d] been no material change of circumstances regarding spousal support."

## ANALYSIS

Code § 20-109(A) empowers trial courts to modify a spousal support award, but Code § 20-109(C) expressly limits the court's authority to modify an agreed upon spousal support award according to the terms of a stipulation or contract signed by the parties. See e.g., Pendleton v. Pendleton, 22 Va. App. 503, 506-07, 471 S.E.2d 783, 784-85 (1996) (holding that parties may bind themselves to a spousal support agreement which limits the judicial authority to modify). Divorcing spouses who are sui juris may bind themselves by contract to pay a specified amount of spousal support and may specify the extent to which a court may modify a spousal support award. Here, while the parties agreed upon the amount of spousal support that husband would pay wife, they expressly granted the trial court the authority, without specified limitation, to modify spousal support.

On the other hand, parties may not by contract limit their responsibility to support a child or a court's authority to determine the amount of child support. See Featherstone v. Brooks, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979). While a court is not bound by an agreement between parents to pay child

-

support, the court may approve and incorporate the terms of an agreement setting child support, provided the court determines that the terms of the agreement are in a child's best interest. See Scott v. Scott, 12 Va. App. 1245, 1248, 408 S.E.2d 579, 582 (1991). Thus, although agreements for child and spousal support are to be treated differently by trial courts, where, as here, the spousal agreement provided no separate criteria for determining how or when to modify support, we hold that the statutory standard, which is whether a material change of circumstances has occurred, applies to a request to modify child support and to modify spousal support. See MacNelly v. MacNelly, 17 Va. App. 427, 430, 437 S.E.2d 582, 584 (1993) (holding that, in the context of whether remarriage terminates spousal support, any attempt to abrogate the effect of the statute requires express language). Thus, a party seeking modification of a support award, whether of child or spousal support, has the burden to show a material change in circumstances warranting a modification of support. See Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).

Accordingly, we find that the trial court erred by requiring a "very dramatic change in circumstances" or a "real clear, meaningful, significant material change in circumstance" in order to justify a modification of spousal support incorporated from a property settlement agreement. We agree that for purposes of determining child support a material change

-

of circumstances occurred when wife completed her educational training and was available for gainful employment.  We also agree that the evidence supports the court's factual finding that wife was voluntarily underemployed and that, therefore, income should be imputed to her.  However, we disagree with the trial court's ruling that husband was required to prove something beyond a material change of circumstance, and we disagree with the court's decision not to impute income to wife for purposes of determining whether to modify spousal support.

In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed.  See Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (en banc).  Whether a person is voluntarily unemployed or underemployed is a factual determination.  In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children."  Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998).  Furthermore, the party moving the court to impute income has the burden of proving that the other party is voluntarily foregoing more gainful employment.  See id.  Having applied the proper analysis, the trial court found as a fact, for child support

-

purposes, that wife was voluntarily underemployed and, accordingly, imputed income to her. The trial court found that this imputed income constituted a material change of circumstances warranting a modification in child support. Although the trial judge had found that wife was underemployed, and on the same facts imputed income to her for child support, he expressly stated that he "did not impute income to [wife] . . . in deciding the issue of spousal support." The trial court would not make a different factual finding based on the same evidence for the purpose of determining spousal support.

The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence. See Saleem v. Saleem, 26 Va. App. 384, 393, 494 S.E.2d 883, 887 (1998). However, we hold that because the trial court explicitly found that wife was voluntarily underemployed and therefore imputed income to her for the purpose of evaluating a request for modification of child support, it was error, in this case, for the trial court not to impute income to the wife for the purpose of evaluating husband's motion to modify spousal support. Furthermore, when a material change of circumstances has occurred, the trial court must determine whether the changed circumstances warrant or justify a change in the amount of support. While every material change of circumstance may not warrant a modification of support, the

-

standard for determining whether to modify remains the same -- a "material change," and the standard is no different where the spousal support was agreed upon between the parties.

The trial judge, in explaining why he applied a different standard, noted that the parties had only recently agreed upon the amount of spousal support and at the time they must have contemplated that wife would complete her training and become employable.

On remand, when determining whether the material change in circumstances warrants modification of spousal support, the trial judge may consider the recent origin of the spousal support agreement and whether the parties considered wife's completion of her training and availability of employment. However, because the trial court erred in finding as a matter of fact that wife was not underemployed for purposes of modifying spousal support and that income should not be imputed to her, and erred in holding that husband had to prove "a very dramatic change" or "a real clear, meaningful, significant material change in circumstance," we reverse and remand for further consideration.

<u>Reversed and remanded.</u>