COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


HAYDEN WAYNE SIZEMORE
                                    MEMORANDUM OPINION*
v.    Record No. 1136-01-3              PER CURIAM
                                     DECEMBER 11, 2001
KATHRYN MAE KIRK SIZEMORE


            FROM THE CIRCUIT COURT OF SCOTT COUNTY
                  Ford C. Quillen, Judge

          (Robert Austin Vinyard, on brief), for
          appellant.

          (Jeffery A. Sturgill; Sturgill & Kennedy, on
          brief), for appellee.


     Hayden Wayne Sizemore (husband) appeals the decision of the

circuit court ordering him to pay Kathryn Mae Kirk Sizemore (wife)

spousal support based upon imputed income.  On appeal, husband

contends the trial court abused its discretion by imputing to him

income from his former business and ordering him to pay wife

ongoing spousal support.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties were married on June 23, 1973.  After living separate and apart for over one year, wife was awarded a no-fault divorce on December 8, 1998.  In the final decree of divorce, husband was ordered to pay wife support in the amount of $4,000 per month.  On February 28, 2000 the circuit court reduced husband's spousal support obligation to $750 per week, effective December 6, 1999.  Thereafter, husband moved the court to reconsider its findings.  After extensive hearings concerning the financial condition of the parties and businesses involved, the court imputed to husband income of $20,000 per year on account of income earned by his present wife in her capacity as owner of husband's former business.  The court reduced husband's support obligation to $1,000 per month effective July 1, 2001 and assessed a total arrearage of support owed by husband to wife of $35,950.

## Analysis

"The decision to impute income is within the sound discretion of the trial court and its [decision] will not be reversed unless plainly wrong or unsupported by the evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (citation omitted).

Over a short period of time following his divorce from wife, husband's income had gone from approximately $500,000 per

-

year to less than $20,000.  Husband owned ambulance businesses during the parties' marriage.  After a period of time, husband allegedly lost his control or ownership of these businesses and later filed bankruptcy on behalf of himself and one of the corporations, Good Neighbor Ambulance Services, Inc.  Prior to declaring bankruptcy, husband remarried and purchased an expensive home with his new wife.  After husband's spousal support obligation went into arrears, husband conveyed his one half interest in the new house to his present wife.

During the decline of husband's ambulance service business, he began a business in the collection of accounts for other ambulance services.  Husband originally entirely owned the business, later made his new wife a fifty-fifty partner, and now claims no interest in the business whatsoever.  Husband states his new wife owns and operates the business out of their home.  However, husband's new wife also earns approximately $40,000 annually from full-time employment outside the home.  Based upon husband's prior direct involvement in the business, the court imputed to him the amount of $20,000 annual income.  The court found husband's assertion that he was not presently involved in the business and was not voluntarily underemployed incredible. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730,

-

732 (1995).  We find that in weighing the relative needs, earning capacities and abilities of the parties, their ages, the duration of the marriage, and the manner in which the parties were accustomed to living during the marriage, the court did not abuse its discretion in imputing income to husband or in determining the spousal support award.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.