# CIRCUIT COURT OF FAIRFAX COUNTY

Frederick N. Harroun

v.

Sharon S. Harroun

March 5, 2004

Case No. C186841

By Judge Dennis J. Smith

This cause came before the Court upon Defendant Sharon Harroun's Motion to Incorporate an agreement executed by the parties on October 12, 2001. This Court ruled that the agreement was not ambiguous as to whether it was a temporary or permanent agreement and that, by its plain language, the spousal support obligations contained therein run indefinitely. The Court took under advisement the issue of whether the agreement's terms provide for modification.

In September of 2001, Plaintiff Frederick Harroun ("Frederick") and Defendant Sharon Harroun ("Sharon") began discussing a separation. The parties executed an agreement on October 12, 2001, ("the Agreement"), which provides that Frederick shall pay certain of Sharon's monthly expenses as listed in the Agreement. Additionally, Frederick is to maintain and pay for Sharon's health, auto, and life insurance. Finally, the Agreement states, "if disagreements arise that cannot be resolved, Frederick and Sharon agree to submit the matter to a neutral third party."

Frederick argues that the plain language of the Agreement, calling for a neutral third party to resolve disputes that arise between the parties, contemplates modification of the Agreement. (Compl.'s Mot. for Decl. Relief at 9.) Sharon maintains that, once parties execute a valid agreement regarding spousal support and file it with the court, a subsequent spousal support order may not be entered by the court unless the order mirrors the terms of the prior spousal support order. *See Blackburn v. Michael*, 30 Va.

App. 95, 515 S.E.2d 780 (1999). (Def's Memo. in Support of Mot. to Incorporate Agreement at 2.) Further, Sharon asserts that Virginia Code § 20-109(C) "expressly limits the court's authority to modify an agreed upon spousal support award according to the terms of a stipulation or contract signed by the parties." *Blackburn*, 30 Va. App. at 100. Accordingly, a court lacks "authority to modify a support obligation agreed to by the parties absent evidence of events which, under the terms of the agreement, allow the obligation to be modified." Va. Code Ann. § 20-109(C) (Michie 2003); *see also Newman v. Newman*, 42 Va. App. 557 (2004) (*en banc*). In this case, Sharon argues that, by its express terms, the Agreement permits modification only if "Frederick and Sharon agree otherwise." Accordingly, the Agreement may not be modified because the parties have not agreed to modify the Agreement. (Def's Memo. at 4.) Most importantly, neither party asserts that the terms of the Agreement are ambiguous.

Resolution of this issue rests with this Court's interpretation of a provision in the Agreement that reads, "if disagreements arise that cannot be resolved, Frederick and Sharon agree to submit the matter to a neutral third party." Interpretation of this clause is dependant upon the definitions of "submit" and "neutral third party." This Court analyzed whether the aforementioned provision is ambiguous because it does not define who constitutes a "neutral third party," nor does the provision include express language requiring the neutral third party to resolve disputes between the parties or whether the provision is unambiguous because the plain meaning of the words "neutral third party" and "submit" require an independent entity to consider and render a binding disposition of disputes between the parties.

The plain meaning of the term "submit" anticipates the rendering of a decision. "Submit" is defined by *Black's Law Dictionary* as, "to commit to the discretion of another. To yield to the will of another. To propound; to present for determination." *Black's Law Dictionary* 994 (8th ed. 2004). Additionally, in *Moore v. Moore*, 218 Va. 790, 240 S.E.2d 535 (1978), the Virginia Supreme Court reviewed the meaning of the term "submit" as used in Virginia's voluntary dismissal statute. The Court considered whether the trial court properly granted complainant's motion to dismiss her divorce action after the court referred the matter to a commissioner in chancery, who heard evidence, prepared a report granting complainant's divorce, and filed the report with the court. Specifically, the Court considered whether the commissioner's filing was considered a "submission" to the court for decision. The Court held:

> Certainly the mere filing by the commissioner of his report, without more, under Virginia equity practice does not amount to a

"submission" of the cause to the trial court for decision. Such a report may repose in the file in the clerk's office for many months for any number of reasons before the cause is brought to the attention of the chancellor for adjudication. Moreover, and contrary to the husband's contention, the unilateral act of this defendant of forwarding to the court a sketch for a decree is not equivalent to a "submission" in the statutory context.

For a "submission" to have occurred under the procedural circumstances of this suit, in which both litigants were represented by counsel who had filed pleadings in the cause, it was necessary for the parties, by counsel, to have *both* yielded the issues to the court for consideration and decision.

*Id.* at 795. "When an agreement is plain and unambiguous on its face, the court will not look for meaning beyond the instrument itself. . . ." *Eure v. Norfolk Shipbuilding & Drydock Corp.*, 263 Va. 624, 632, 561 S.E.2d 663 (2002) (citations omitted). Accordingly, the word "submit" means presentation of an issue for a decision or resolution.

Turning to the phrase "neutral third party," the word "neutral" is defined as "indifferent; unbiased; impartial; not engaged on either side; not taking an active part with either of the contending sides." *Black's Law Dictionary* 722 (8th ed. 1991). A "third party" is generally viewed as "one not a party to an agreement, a transaction or an action but who may have rights therein." *Id.* at 1029. Therefore, a "neutral third party" is an impartial entity not party to the Agreement.

Sharon argues that the parties did not intend for a court to fall within the meaning of "neutral third party." (Def's Ltr. to this Court dated March 4, 2004.) Sharon, however, did not assert that the agreement was ambiguous; therefore, this Court must proceed on the basis that the contract reflects the complete intention of the parties and the Court may not consider the parties' objectives not set forth in the express language of the agreement. " 'The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares.' ... Courts cannot read into contracts language which will add ... to the meaning of the words already contained therein." *Wilson v. Holyfield*, 227 Va. 184, 187, 313 S.E.2d 396 (1984) (internal citations omitted). Construing the term "neutral third party" to exclude a court or any other independent entity is adding to the meaning which is plainly stated in the Agreement.

Interpreting the terms "submit" and "neutral third party" as defined above, the Agreement expressly requires the parties to refer all disputes to an impartial party for consideration and resolution. The determination which is ultimately rendered by the impartial party may modify the terms of the Agreement. A Court falls within the definition of a "neutral third party"; therefore, the terms of the Agreement may be modified by this Court.

As this Court has authority to enter an order modifying Frederick's spousal support obligation, this matter may proceed to a spousal support modification hearing.