COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Overton


CHARLES NATHANIEL BROWN

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1001-04-1                           PER CURIAM
                                                    NOVEMBER 2, 2004
OPHELIA KEELING BROWN


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Everett A. Martin, Jr., Judge

            (Robert C. Neeley, Jr.; Robinson, Neeley & Anderson, on brief), for
            appellant.

            (Sheera R. Herrell; Hofheimer/Ferrebee, P.C., on brief), for appellee.


        On appeal, Charles Nathaniel Brown (husband) contends the trial court abused its discretion

(1) in awarding spousal support because it refused to impute income to wife and (2) in awarding

attorney's fees to wife.  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

                                        BACKGROUND

        The parties married on June 6, 1970, and separated on May 27, 1997.  On March 7, 2001,

husband filed a bill of complaint seeking a divorce from Ophelia Keeling Brown (wife).  On April

6, 2001, wife answered and requested, *inter alia*, that she be awarded spousal support and attorney's

fees.  The trial court referred the matter to a commissioner in chancery.

        On January 7, 2003, the commissioner conducted a hearing, and the parties presented

evidence.  The parties submitted in evidence a document entitled "Marital and Separation

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Agreement and Stipulation" (the Agreement), which they requested be approved, ratified and incorporated into the final decree. The agreement covered all issues except spousal support and attorney's fees.

The evidence established that husband's monthly income was $7,044. His actual total monthly expenses amounted to $2,897.[1]

Wife, who has been a realtor since 1979, testified that in 2002, her gross income from real estate transactions totaled $15,000. The most she ever grossed in a year was $25,000 in 1995. She also earns $300 per month from rental property. Since their separation in 1997, husband has been paying $1,300 per month towards wife's mortgage and utilities. Wife testified that she incurred attorney's fees totaling $4,000. After the hearing, wife's attorney submitted an expense sheet reflecting fees totaling $4,104.49.

On April 4, 2003, the commissioner filed his report. "Having considered the facts and circumstances of the case, the parties' respective incomes and expenses and the factors enumerated in Virginia Code [S]ection 20-107.1," the commissioner recommended that husband pay wife "as spousal support the sum of One Thousand Two Hundred Fifty Dollars ($1,250.00) per month." The commissioner also recommended that husband pay $2,500 of wife's attorney's fees.

On March 22, 2004, the parties appeared in the trial court, and husband argued his exceptions to the commissioner's recommendations. Husband argued that the amount of spousal support was too high in that wife was "voluntarily not working as hard as she could," and "there is really no basis" for awarding wife attorney's fees where only one issue was contested.

---

[1] Although husband and wife submitted income and expense statements to the commissioner, admitted as Exhibits C-2 and D-1, respectively, we were unable to locate them in the appendix or in the trial court's manuscript record.

The trial court found the allegation of underemployment "conjecture" in the absence of any evidence in the record to support it. It also found there was evidence to support the commissioner's recommendation of spousal support and attorney's fees and adopted those recommendations.

SPOUSAL SUPPORT: IMPUTING INCOME TO WIFE

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

In determining spousal support, a "court may impute income to a party who is voluntarily unemployed or underemployed." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

> Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children."

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (quoting Niemiec v. Commonwealth, 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998)). The party seeking imputation of income has the burden of proving that the other party is voluntarily underemployed or is voluntarily foregoing gainful employment. Id. The decision to impute income is within the sound discretion of the trial court, and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence. See Saleem v. Saleem, 26 Va. App. 384, 393, 494 S.E.2d 883, 887 (1998); Code §§ 20-107.1(E)(1), and 20-108.1(B)(3).

In making its recommendation, the commissioner considered the parties' arguments and evidence and the statutory factors contained in Code § 20-107.1(E). The trial court found that the evidence supported the commissioner's recommendations and adopted them. Wife never earned more than $25,000 in any one year, she earned gross income of $15,000 in 2002, and she testified that she expected to make the same income in 2003.

Based on the record before us, husband did not carry his burden of proving wife was underemployed. See Blackburn, 30 Va. App. at 102, 515 S.E.2d at 784. No local realtors testified about the local real estate market, no one from wife's real estate firm testified about the typical salaries earned by agents, and no evidence established that wife did not work full time. As a result, the trial court's decision was supported by the evidence and was not plainly wrong. See Saleem, 26 Va. App. at 393, 494 S.E.2d at 887. Accordingly, it did not abuse its discretion in refusing to impute income to wife.

## ATTORNEY'S FEES

An award of attorney's fees is a matter within the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 30 (2001).

Upon review of the record in this case, we cannot say that the trial court abused its discretion in awarding wife a portion of her attorney's fees.

For these reasons, the decision of the trial court is summarily affirmed.

Affirmed.