COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued at Alexandria, Virginia


GARY M. KOTARA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2295-05-4                     JUDGE RUDOLPH BUMGARDNER, III
                                                            JUNE 13, 2006
KATHLEEN M. KOTARA


                 FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Jonathan C. Thacher, Judge

           Susan M. Butler (Ryan M. Schmisek; Shoun, Bach & Walinsky,
           P.C., on briefs), for appellant.

           Dorothy M. Isaacs (Surovell Markle Isaacs & Levy PLC, on brief),
           for appellee.


        Gary M. Kotara appeals from the final decree of divorce that granted spousal support to

Kathleen M. Kotara, refused to impute income to her, and awarded her attorney's fees and costs.

Finding no error, we affirm.

        The parties married in October 1983 and had three children.  Two of them are minors, but

all three live with the wife.  The husband is a partner in a large international law firm.  His

income in 2004 was $678,765.  The wife has a high school education and never worked outside

the home after they began their family.  The parties separated in May 2003.  In 2004, the

husband first filed for separate maintenance and then for divorce.  The wife filed a cross-bill on

grounds of adultery.

        The parties resolved custody and visitation before trial.  After presenting considerable

evidence *ore tenus*, they reached agreement on equitable distribution.  They presented additional

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence on the only remaining issues of spousal support and attorney's fees. At the conclusion of the trial, they submitted briefs on income and expenses, and on spousal and child support.

The trial court issued a detailed and precise letter opinion July 26, 2005. It awarded permanent spousal support of $11,000 per month, refused to impute income to the wife, and awarded her attorney's fees of $53,356.64. The trial court reduced the award of attorney's fees by $7,500, which represented the fees incurred by the husband when the wife did not comply with court orders. The trial court granted the wife a divorce on the grounds of adultery. It entered the final decree August 26, 2005.

The husband maintains the trial court improperly relied upon income data for 1997-1999 in arriving at its calculations of his average income. Specifically, the husband maintains the trial court used "an unaccounted-for asset analysis that relied on non-representative time periods and went beyond the evidence presented." The husband argues that no evidence proved his income for those years. The only evidence of that income was contained in the wife's Exhibit 34. That exhibit was a copy of the husband's Social Security Statement of his reported income from 1971 through 2003, but that document was not moved or admitted into evidence. The family lived in Singapore from 1997 until 1999, and the husband's partnership income was supplemented because of its unusually high cost of living. The husband maintains his income for those years was uncharacteristically inflated and not representative of his true earnings and therefore any reliance on data from those years was harmful error.

At trial, the husband submitted two large notebooks containing eighty-three exhibits, and the wife submitted a notebook containing thirty-eight exhibits. The trial court admitted several of the many exhibits contained in the notebooks as the witnesses referred to them, but neither party had the trial court formally admit into evidence all of the documents in their notebooks.

Exhibit 34, the Social Security Statement, was one of those not formally admitted though it was contained in the exhibit book submitted to the trial court.

We do not consider an argument on appeal that was not presented to the trial court in order to insure that the trial court and opposing party are given the opportunity to examine, address, and resolve issues in the trial court and thus to avoid unnecessary appeals. Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004), aff'd, 269 Va. 3, 607 S.E.2d 119 (2005). We see no reason to invoke the good cause or the ends of justice exceptions to Rule 5A:18. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

The husband filed five pages of exceptions to the final decree including twenty-eight separate objections to the support award. The only two objections that touch on the specific issue raised on appeal state: "(a) The Court erred by making factual findings not supported by evidence at trial and findings of fact for which there was no evidence introduced at trial;" and "(b) The Court erred by awarding an excessive amount of spousal support to the wife given all relevant evidence introduced at trial."

The husband made only a general objection to the trial court that did not hint at the specific complaint he makes on appeal. A broad assertion that the findings were not supported by the evidence could not alert the trial court to an actual claim of error. This case involved extensive litigation and stretched over several days. The record contained several volumes of transcripts and hundreds of pages of exhibits. The husband complains that the trial court referred to a portion of one of those documents. However, he took no action to separate the document from the exhibits being submitted to the court and never alerted the trial court to his objection that it relied impermissibly on a particular document.

The husband next asserts that the amount of spousal support exceeded the proven needs of the wife. The trial court reviewed the husband's calculations of earnings, assets, and

expenses, and determined that "a significant amount of money is either unaccounted for or was spent without any documentation." The trial court found the husband's "estimation of the family's living expenses to be abnormally depressed." It rejected the husband's calculations and relied upon those of the wife. The trial court preliminarily found that the wife's monthly expenses were "in the vicinity" of $11,754.20.

Using $11,754.20 as a baseline, the trial court proceeded to consider and apply the remaining factors in Code § 20-107.1(E). It concluded its analysis by awarding spousal support of $11,000 per month. The trial court noted the combined spousal and child support was just twenty-four percent of the husband's gross income and was an amount he was "well able to pay."

In reviewing a spousal support award, the trial court has broad discretion in awarding and fixing the amount of spousal support. Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005). When its findings have an evidentiary foundation and the record discloses that it gave due consideration to each of the statutory factors, we will not disturb the decision on appeal. Id.

The trial court thoroughly evaluated the financial data and the opinion evidence before arriving at a preliminary figure of $11,754.20 for the wife's monthly expenses. It then carefully considered each factor in Code § 20-107.1(E), including the wife's needs and resources, the standard of living established during the marriage, the couple's decision for the wife to forego her career to care for the family and marital home, the division of property, and the wife's obligation to provide for unexpected emergency expenses. The trial court's decision to award spousal support of $11,000 per month was within the parameters established by the evidence. Accordingly, we do not disturb its decision.

The husband maintains the trial court erred by not imputing income to the wife. The wife has a high school education and has not worked since becoming pregnant with their first child.

She has had no further employment training or experience. The husband's expert witness testified that the wife could obtain entry-level employment such as an order taker or cashier and make between $18,020 and $23,985 annually. After several years of training, she could make between $19,534 and $28,622. The husband most recently earned $678,765.

Any decision to impute income is within the sound discretion of the trial court and should not be overturned unless "plainly wrong or unsupported by evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999). The party seeking imputation of income has the burden of proving that the other party is voluntarily underemployed or is voluntarily foregoing gainful employment. Id.

The husband's evidence utterly failed to prove the wife was voluntarily underemployed. She only had a high school education. By mutual agreement, as reflected in their style of life and standard of living throughout the marriage, the wife worked in the home. As the trial court emphasized, the decision for the wife to remain in the home and care for the children had a significant impact on the husband's career success and earning capacity. It enabled the husband to work long hours and travel on business.

The trial court declined to impute income to the wife due to the length of time that the wife has been unemployed and the wife's significant contributions in rearing the children, caring for the marital home, and advancing the husband's career. It found it would be "inequitable to require [the wife] to substantially change the manner of her, and the children's, lifestyle to work at a low-level job when [the husband's] career clearly benefited from her services in the home," especially where the husband "is clearly capable of supporting her and their children." The husband urged the trial court to impute an entry-level wage that would take three years to reach the husband's income for a single month; the trial court did not abuse its discretion by declining that offer.

The husband further contends the trial court erred in awarding attorney's fees and costs to the wife. An award of attorney's fees is also a matter within the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001). Upon review of this record, we cannot say that the trial court abused its discretion in awarding the wife attorney's fees and costs.

Finally, the wife has moved for an award of attorney's fees and costs incurred during this appeal. Upon a review of the record in its entirety, we find an award is appropriate and grant the motion for her attorney's fees and costs. We remand the case to the circuit court to fix a reasonable award. O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Accordingly, we affirm but remand for an award to the wife of attorney's fees and costs on appeal.

Affirmed and remanded.