COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


KATHLEEN K. TUCK

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2731-06-2          JUDGE ELIZABETH A. McCLANAHAN
                                                         JUNE 26, 2007
LENARD W. TUCK


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                            Daniel T. Balfour, Judge

            (Hayward F. Taylor, IV; Taylor, Taylor & Taylor, on brief), for
            appellant.  Appellant submitting on brief.

            Lawrence D. Diehl for appellee.


        Kathleen K. Tuck (wife) appeals from an order modifying the spousal support obligation

of her former husband, Lenard W. Tuck (husband).  She contends the trial court erred by

imputing income to her upon finding husband both alleged and proved a material change of

circumstances in the status of her earning capacity; denying her request for an increase in spousal

support; and granting husband's request for a reduction in spousal support.  For the reasons that

follow, we affirm the trial court.

                                    I. BACKGROUND

        In reviewing the trial court's decision on appeal, we view the evidence in the light most

favorable to husband, the prevailing party, granting him the benefit of any reasonable inferences.

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  The facts relevant to

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the issues we address in this appeal are limited to the following.[1]  In 1999, the trial court entered a final divorce decree ordering husband to pay $2,000 a month in spousal support.  The court also awarded primary custody of the parties' two minor children to wife, who was "a stay at home mother."[2]  The court imputed no income to wife, even though she was employable as a substitute school teacher.

The evidence before the court when entering the 1999 divorce decree regarding wife's earning capacity was that she could work nearly full-time as a substitute school teacher.  She held a B.A. degree in education and was teaching in a Henrico County high school when the parties' first child, Kathleen, was born in 1987.  Afterwards, however, wife stopped teaching and did not return to work outside the home.  This was due to the parties' understanding that, "when [they] started a family, [wife] would stay home, raise the children and take care of them," as wife explained.  She also testified she was precluded from "going to work" at the time of the divorce because of the children's needs related to the trauma they experienced as a result of the parties' separation.   She further explained that the oldest daughter in particular "was having some fairly significant problems about the separation," requiring wife to spend "additional time with her" on a daily basis.  Other home and school-related activities involving the children also required a "great deal of [wife's] time."  In sum, wife testified, "right now, my main objectives are to stay with the children and help them have a normal, calm life, . . . it's been a very traumatic separation, and it's not a time for me to be out of the home."

---

[1] As discussed, *infra*, wife has waived three of the six questions presented for appeal. Thus, we need not summarize the facts related to those issues.

[2] The court further ordered husband to pay child support for the two children.

In 2005, husband filed a petition to modify his spousal support obligation.[3]  Specifically, husband sought to have income imputed to wife and spousal support terminated.  Husband alleged in his petition, *inter alia*, that "[wife] does not have full-time employment although nothing prohibits her from doing so.  At the time of the [1999] Final Decree, it was contemplated that [wife] would return to work to aid in her own support.  Income should be imputed to her."

The trial court held an evidentiary hearing on husband's petition on June 12, 2006.  Husband called wife to testify in support of his position.  Wife stated she had not sought any employment and had not worked outside the home following the divorce.  Her reason for not doing so was the original "deal" with husband that she "would stay home [and take care of the children] until . . . both children had gotten through school."  At the time of the hearing, the oldest daughter, Kathleen, was nineteen and had finished her first year of college.  The youngest daughter, however, was still a minor, having "just turned thirteen."  Wife nevertheless acknowledged that child care was available for her thirteen-year-old daughter in the event wife took a job outside the home.  Notably, wife did not describe any ongoing emotional problems with either of the children related to the divorce that now required her time and attention, unlike the circumstances at the time of the divorce.

A vocational expert, Peter Melberg, testified regarding wife's earning capacity.  Given wife's work experience and education, Melberg opined she had the capacity to earn an income of up to $39,000 a year in the field of education.  He explained that, based on available positions in the Richmond area school systems, she had the option of substitute teaching without any updated certification, gaining provisional licensure to be a home bound teacher for students confined to

---

[3] Husband's petition also sought modification of his child support obligation, based on the emancipation of the parties' oldest daughter, Kathleen, and modification of his visitation rights as to their youngest daughter.  Those matters are not at issue in this appeal.

their home, or working full-time as an art teacher upon restoring her certification. To obtain re-certification, she would be required to complete two certain college level courses.

The trial court held that husband proved a material change in circumstances from those existing in 1999 when the court entered the final divorce decree and that this change in circumstances warranted a reduction in spousal support. The court reached this decision based, in part, on finding a material change in wife's earning capacity.[4] From the evidence regarding her earning capacity, the court imputed to wife an annual income of $36,000, which effect the court deferred for six months to allow her time "to find employment and take additional education requirements if she deems it appropriate." The court reduced the spousal support from $2,000 a month to $1,200 a month effective July 1, 2006, and further reduced it to $500 a month effective January 1, 2007.

## II. ANALYSIS

On appeal, wife argues the trial court erred in: (1) failing to dismiss husband's petition for modification of spousal support because he did not allege any material change of circumstances in wife's earning capacity from the time of the original divorce decree awarding spousal support to the present; (2) finding a material change of circumstances in wife's earning capacity on the evidence presented, and then imputing income to wife and reducing husband's spousal support obligation based on that finding; (3) failing to include between $1,000 and $1,500 each month in rent for housing as part of her monthly living expenses, whereas the trial court found she paid no rent for housing; (4) denying her request for an increase in spousal support because of her inability to "afford to pay market rent" and husband's "substantial

---

[4] The trial court also found a material change of circumstances in wife's living expenses, which was an additional basis for the court's modification of the spousal support.

- 4 -

increase in income"; and (5) imputing only $10,000 income to husband, for a total annual income of $127,000, when his annual income was allegedly at least $199,932.[5]

A. Waiver of Issues 3, 4 and 5

Wife fails in her brief to support her arguments with any authority for issues 3 and 4. She also provides no authority and no citations to the record in support of her argument for issue 5. "'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Budnick v. Budnick, 42 Va. App. 823, 833-34, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)); see Rule 5A:20(e) (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented"). Having presented no authority in her brief for issues 3 and 4, and no citations or authority in her brief for issue 5, wife has waived argument on appeal on those issues, and thus we do not address them. See Rule 5A:20(e).

B. Change in Wife's Earning Capacity and Imputation of Income

Wife argues husband neither alleged in his petition nor proved a material change in her earning capacity since entry of the 1999 final divorce decree. Thus, she asserts, the trial court erred in imputing income to her and reducing spousal support, in substantial part, based on such purported change in circumstances.

Decisions concerning spousal support "rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994). Under Code § 20-109(A), the trial court is authorized to modify spousal support upon the petition of either party if the

---

[5] While wife sets forth six questions presented on appeal, we have consolidated the related matters posed by two of them (questions II and V) under issue number 2 above.

court determines there has been "both a material change in circumstances and that this change warrants a modification."

In considering modification of a spousal support award, the trial court may, under appropriate circumstances, impute income to the payee spouse upon a change in his or her earning capacity. See O'Hara v. O'Hara, 45 Va. App. 788, 794, 613 S.E.2d 859, 862 (2005) (imputing income to payee wife and reducing spousal support upon finding her employable). As we explained in Blackburn v. Michael, 30 Va. App. 95, 515 S.E.2d 780 (1999), in evaluating a request to impute income, the trial court considers the parties' "earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities" between the parties. Id. at 102, 515 S.E.2d at 784 (citations and internal quotation marks and omitted.) "Furthermore, the party moving the court to impute income has the burden of proving that the other party is voluntarily foregoing more [if any] gainful employment." Id.

First, husband adequately alleged in his petition a material change in circumstances in wife's earning capacity, for which he sought imputation of income to wife and modification of spousal support. Husband alleged that wife did not have full-time employment; that nothing prohibited her from being employed full-time; that at the time of the divorce it was contemplated she "would return to work to aid in her own support;" and that income should therefore be imputed to her. Wife nevertheless complains that husband did not expressly assert in his petition that these alleged facts constituted "a material change in circumstances" from those in existence when the final divorce decree was entered. Pleading requirements, however, "'are not so strict as to demand specificity beyond that necessary to "clearly [inform] the opposite party of the true nature of the claim or defense" pled.'" O'Rourke v. Vuturo, 49 Va. App. 139, 147, 638 S.E.2d 124, 128 (2006) (quoting Balzer & Assocs. v. Lakes on 360, 250 Va. 527, 531, 463 S.E. 2d 453,

- 6 -

456 (1995) (quoting Rule 1:4(d))). Wife was clearly informed of the nature of husband's claim by the allegations in his petition, particularly in light of the prior evidence presented in the divorce proceeding regarding wife's reasons for not working outside the home at that time, which provided the context for the petition.

Second, there is evidence in the record to support the trial court's finding of a material change in wife's earning capacity and its imputation of income to her, constituting a basis for reducing her spousal support. In challenging that finding, wife points to the fact that she had the same qualifications at the time of the divorce decree as she does now; that teaching positions were available to her then as they are now; and that she has remained a "stay at home mother" the entire time. Thus, she contends, there has been no change in circumstances regarding her employability. While those facts upon which wife relies are undisputed, the record contains other facts constituting a change in her opportunity to earn income. The trial court noted that wife is now responsible for one teenage daughter. Wife also acknowledged that day care was available for her daughter if necessary. By contrast, at the time of the divorce, wife was responsible for the care of two pre-teenage children, who were experiencing emotional problems from the trauma of the parties' separation. That is no longer the case.

Wife also points to the parties' understanding that "she would not work until both children were adults." Though such an understanding may be one of the "factors relevant to the equities" between the parties for a trial court's consideration, Blackburn, 30 Va. App. at 102, 515 S.E.2d at 784, in this case, that arrangement was not incorporated into a property settlement agreement, and was not binding upon the court under Code § 20-109(A) when ruling on husband's petition for modification of spousal support. See id.

Having determined a change in wife's earning capacity and imputed income to her based on expert testimony regarding teaching positions available to her, the trial court appropriately

phased in the imputed income over a six-month period in order to give wife an opportunity to secure employment and gain re-certification to teach school.

C. <u>Attorney's Fees</u>

Husband requests this Court to award attorney's fees incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996) (holding appellate attorney's fees in domestic dispute may be awarded pursuant to Code § 20-99 upon specific remand to trial court for determination of amount to be awarded). As addressed above, we find three of wife's six questions presented were not supported on brief by citations to legal authority or evidence in the record. <u>See</u> <u>Gottlieb v. Gottlieb</u>, 19 Va. App. 77, 95, 448 S.E. 2d 666, 677 (1994) (awarding appellate attorneys fees because "[m]any of husband's questions presented or assignments of error were not supported by the law or evidence"). Therefore, we award attorney's fees to husband and remand this case to the trial court to determine an appropriate award of attorney's fees incurred in this appeal relative to wife's waiver, under Rule 5A:20, of three of the questions presented for appeal.

For the reasons stated above, we affirm the judgment of the trial court, but remand for the limited purpose of determining the amount husband should be awarded for attorney's fees for this appeal.

<u>Affirmed and remanded.</u>