COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

RANDY D. JOHNSON

MEMORANDUM OPINION*
v.      Record No. 0323-16-1                    PER CURIAM
                                                AUGUST 16, 2016
CINDY LOLITA JOHNSON

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
James Clayton Lewis, Judge

(Chester Smith; Smith Law Group, PLLC, on brief), for appellant.

(Jennifer L. Fuschetti; McKenry, Dancigers, Dawson, PC, on brief),
for appellee.

Randy D. Johnson (husband) appeals a final decree of divorce. Husband argues that the

circuit court erred by (1) imputing income to him for spousal support and child support purposes,

even though the evidence showed that husband was not voluntarily underemployed post-military

retirement; (2) not imputing income to Cindy Lolita Johnson (wife) for spousal support and child

support purposes, even though wife is capable of working, their adult autistic son is eligible for

Medicaid and can work part-time, and wife has numerous family members who can help with the

autistic son's care; and (3) failing to order wife to pay all or a portion of the mortgage on the former

marital residence pending its sale. Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

circuit court.[1] See Rule 5A:27.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On June 3, 2016, wife filed a motion to dismiss, and on June 10, 2016, husband filed a
response. In light of our rulings herein, we deny wife's motion to dismiss the appeal.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on July 10, 1992 and separated on February 15, 2006. Two children were born of the marriage. The oldest child, who was approximately twenty-one years old at the time of the trial, is severely autistic and requires continued care, which wife provides.

Husband served in the United States Navy from August 1986 until his retirement in January 2014. Prior to his retirement, husband earned $8,900 per month. After he retired, he applied for several jobs and, eventually, started working in the Navy Personnel Command MWR, where he rents recreational equipment to military personnel. Husband testified that his gross income, which includes his disability pay, retirement pay, and income from his job, totals $5,692 per month.

Husband filed a complaint for divorce and, later, an amended complaint for divorce. Wife filed responsive pleadings. On July 30, 2015, the parties appeared before the circuit court for a final hearing. At the conclusion of the hearing, the circuit court requested that the parties prepare post-trial briefs. After the parties submitted their post-trial briefs, the circuit court issued a letter opinion on October 22, 2015. The circuit court examined the equitable distribution factors in Code § 20-107.3(E). It divided husband's retirement and ordered that the former marital residence be sold. The circuit court then considered the spousal support factors in Code § 20-107.1(E). It imputed income to husband because the court felt that husband had not "made a strong, reliable effort to find new employment commensurate with his skills and expertise." It held that husband would pay wife $2,400 per month in spousal support. The circuit court also ordered that husband would be responsible for child support pursuant to the guidelines, using his

imputed income and the spousal support figures.  On January 27, 2016, the circuit court entered a final decree of divorce that memorialized its rulings.  Both parties signed the final decree of divorce as "We ask for this."  This appeal followed.

ANALYSIS

*Assignment of error #1*

Husband argues that the circuit court erred by imputing income to him because the evidence proved that he was not voluntarily under-employed after he retired from the military.[2]  Husband raises this argument for the first time on appeal.  He did not file any objections after the circuit court issued its letter opinion and imputed income to him.  He signed the final decree of divorce as "We ask for this."

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."  Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Since husband did not raise this issue with the circuit court, the Court will not consider the first assignment of error.  See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court.").

---

[2] Husband contends the circuit court imputed the same amount of income that he earned when he was in the military.  However, the evidence proved that husband earned $8,900 per month in the military, and the circuit court imputed $8,300 per month to husband.

*Assignment of error #2*

Husband argues that the circuit court erred by not imputing income to wife because she was capable of working, their autistic son was eligible for Medicaid and able to work part-time, and wife had a supporting family who could help with the care of their autistic son.[3]

"The trial court's decision to not impute income to the mother will be upheld on appeal unless it is plainly wrong or unsupported by the evidence." Murphy v. Murphy, 65 Va. App. 581, 585, 779 S.E.2d 236, 237 (2015) (quoting Bennett v. Va. Dep't of Soc. Servs., Div. of Child Support Enforcement ex rel. Bennett, 22 Va. App. 684, 691-92, 472 S.E.2d 668, 672 (1996) (internal quotations omitted)).

During the trial, husband did not present any evidence regarding what wife was capable of earning or what jobs were available for her. He did not employ a vocational expert to discuss wife's earning capacity. Instead, in his post-trial brief, husband asked the circuit court to "take judicial notice that the annual minimum wage in Virginia is $15,080 ($7.25/hour at 40 hours per week). [Wife] presents well and is articulate. She could therefore likely earn more than minimum wage."

Since husband was seeking to impute income to wife, he had the burden to prove that wife was voluntarily unemployed or underemployed. See deCamp v. deCamp, 64 Va. App. 137, 765 S.E.2d 863 (2014); Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999). The circuit court found that husband did not meet his burden of proof. The court stated, "It is noteworthy, that no evidence whatsoever was presented by either party concerning Mrs. Johnson's earning capacity. Accordingly, the court makes no finding whatsoever in that regard being unable to do so due to a complete lack of evidence on the issue." In addition, the circuit

---

[3] Wife disagrees with husband's assertions that she is able to work, that the child is eligible for Medicaid, and that her family members are available to care for the child other than for a brief respite for her.

court noted that the parties agreed that wife would forego her career in order to take care of their autistic child. She had not worked since the child was born in September 1994.

Husband's suggestion in his post-trial brief that the court impute minimum wage income to wife was not sufficient. He had to prove what jobs were available for wife and what she could realistically earn.

Therefore, the circuit court did not err in refusing to impute income to wife for spousal support and child support purposes.

*Assignment of error #3*

Husband argues that the circuit court erred in failing to order wife to pay for all or a portion of the mortgage on the former marital residence pending its sale. He again asserts that wife is capable of working, so she can contribute to the mortgage payments. He also contends he is unable to afford the mortgage on the former marital residence because his support obligations and other obligations, such as the mortgage on his own residence, exceed his actual income.

Husband did not request in his post-trial brief that wife pay for all or a portion of the mortgage payments on the former marital residence. The circuit court did not issue such a ruling in its letter opinion. The final decree of divorce does not state that husband is solely responsible for the mortgage payments. Since there was no ruling, there is nothing for this Court to review. See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal. Rule 5A:30(B).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>