UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, AtLee and Athey
Argued at Lexington, Virginia

JONATHON I. BOWERBANK

v.      Record No. 1809-18-3

DENEEN L. BOWERBANK

MEMORANDUM OPINION* BY
JUDGE RICHARD Y. ATLEE, JR.
OCTOBER 29, 2019

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Jack S. Hurley, Jr., Judge

Robert M. Galumbeck (Galumbeck & Kegley, Attorneys, on briefs),
for appellant.

Dennis E. Jones (Dennis E. Jones, PLC, on briefs), for appellee.

Jonathon Bowerbank ("husband"[1]) argues on appeal that the circuit court erred in finding

an arrearage and in setting the amount of that arrearage.  Specifically, husband argues that he

should receive a credit for an $86,000 payment to Deneen Bowerbank ("wife") that was not

required by the parties' agreement.  For the following reasons, we agree and reverse.

I. BACKGROUND

"[W]e view the evidence in the light most favorable to the prevailing party, granting it the

benefit of any reasonable inferences."  Congdon v. Congdon, 40 Va. App. 255, 258 (2003).

Husband and wife married in 1996, and they had two children during the marriage.  They

separated on June 29, 2013.  Wife filed for divorce on October 24, 2013.  On December 17,

2013, while the divorce proceedings were pending, the parties entered into an interim agreement

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We recognize that "former husband" and "former wife" would be more accurate, but we use less cumbersome titles in this memorandum opinion for ease of reference.

that set forth the rights and obligations of the parties during the proceedings until such time as the circuit court resolved the issues. Relevant to this appeal, the agreement provided that the parties would share physical and legal custody of the children, though the children would live primarily with wife. Husband agreed to pay wife $7,500 per month in spousal support and $1,823.10 per month in temporary child support.[2] The agreement could be modified if the parties agreed to the modification in writing or by "a court of competent jurisdiction." Finally, either party could submit the agreement to the circuit court for adoption as a *pendente lite* order.

Neither party submitted the agreement to the court. Husband paid the agreed child support through July 5, 2014, before unilaterally reducing his payment to $911.56 per month. He paid the agreed spousal support through April 20, 2016, before unilaterally reducing his payments to $7,213.48 per month. On May 20, 2017, husband further reduced his spousal support payments without wife's consent.

On September 25, 2017, the circuit court conducted a hearing to determine ongoing support and to calculate the past due amount husband owed under the interim agreement. Wife submitted an exhibit showing the amount husband had paid in support and the amounts he still owed according to the interim agreement. Wife's exhibit showed that, as of September 20, 2017, husband owed $36,233.69 in child support and $29,102.13 in spousal support.

Husband explained during his testimony that the parties' son had moved in with him shortly after the agreement was signed, which was not contemplated by the parties when they signed the agreement. He further testified that in addition to the "quote/unquote 'spousal support'" listed on wife's exhibit, he had also paid wife $86,000. Husband argued that the

---

[2] In addition to the temporary support, husband was required to pay the renovation and repair costs of the marital residence; the monthly expenses associated with the temporary marital residence, the reasonable replacement costs of items for the marital residence, the mortgages on all of the properties, except for the marital residence once wife moved back in, and the costs of health insurance.

agreement did not require him to pay wife $86,000 and, therefore, it should be credited towards his obligations under the agreement.

Wife admitted she received the money. The money, however, was a portion of the proceeds from the sale of real estate owned by one of husband's businesses. Thus, wife argued that the money was from the sale of marital property and properly part of those assets subject to equitable distribution. As such, she argued that husband was not entitled to a credit.

After some argument, the circuit court allowed questions on the payment, but noted that it did not yet know whether the entity that sold the real estate was marital property. Ultimately, the circuit court ruled that the parties were bound by the agreement and that the agreement had never been modified according to its terms. Thus, husband owed $29,102.13 in past due spousal support. Because the interim agreement had not been reduced to a court order, however, the circuit court took the issue of child support under advisement.[3]

Though an evidentiary hearing was set for January 3, 2018, by that time the parties had reached an agreement regarding equitable distribution and ongoing child and spousal support.[4]

In February 2018, the circuit court issued a letter opinion ruling on the issue of past due child support under the agreement. As it had with the spousal support, the circuit court ruled that the parties were bound by the agreement and set the amount of past due child support at the amount set forth in wife's exhibit, $36,233.69. The circuit court also reiterated that husband owed $29,102.13 in past due spousal support. The circuit court did not credit husband for the

---

[3] "[P]arties may not by contract limit their responsibility to support a child or a court's authority to determine the amount of child support." Blackburn v. Michael, 30 Va. App. 95, 101 (1999). Though a court is not bound by an agreement to pay an amount of child support, it may approve an agreement if it determines the terms of the agreement are in a child's best interests. Id.

[4] There is nothing in the record before us to suggest that the parties addressed the $86,000 payment in equitable distribution.

$86,000 payment, and it did not offer any explanation for that decision. The interim agreement was not incorporated into an order.

The circuit court entered the final decree of divorce on October 17, 2018. Husband appeals to this Court.

## II. ANALYSIS

Husband argues that he is entitled to an $86,000 credit towards his contractual obligations of spousal and child support because the interim agreement did not require him to pay wife the $86,000. Furthermore, he argues that the interim agreement was not incorporated into a court order and thus the circuit court is not prohibited from crediting him for the payment.

As an initial matter, we note that wife argued on brief that the interim agreement was "transformed to a *Pendente Lite Order*" when it was offered to and affirmed by the circuit court during the September 25, 2017 hearing. During oral argument before this Court, however, wife's counsel conceded that the interim agreement was not incorporated into a written order of the circuit court and was thus enforceable only as a contract. Our review of the record confirms that the circuit court did not incorporate the interim agreement into a written order. Accordingly, the only issue before us is whether the language of the interim agreement prevented husband from receiving credit for the $86,000 payment to wife.

"Support agreements that are voluntarily made by the parties are subject to the same rules of construction applicable to contracts generally." Goldin v. Goldin, 34 Va. App. 95, 107 (2000). Accordingly, the circuit court's interpretation of a support agreement is an issue of law that we review *de novo*. See Stacy v. Stacy, 53 Va. App. 38, 43 (2008) (*en banc*).

The Court's function in interpreting a contract is to "construe the contract made by the parties, not to make a contract for them." Id. at 44 (quoting Irwin v. Irwin, 47 Va. App. 287, 293 (2005)). "We construe the contract as a whole, giving terms their ordinary meaning unless some

other meaning is apparent from the context." Schuiling v. Harris, 286 Va. 187, 193 (2013). "This Court 'will not insert by construction, for the benefit of a party, a term not express in the contract.'" PBM Nutritionals, LLC v. Lexington Ins. Co., 283 Va. 624, 636 (2012) (quoting Lansdowne Dev. Co. v. Xerox Realty Corp., 257 Va. 392, 400 (1999)).

Paragraph 4(f) of the interim agreement requires husband to pay a monthly sum in both child and spousal support. There is no evidence in the record that the parties agreed to a modification in writing or that a court of competent jurisdiction modified the interim agreement. Thus, husband was obligated to continue paying the amount of spousal support agreed to in the interim agreement. Husband's failure to do so resulted in unpaid obligations under the interim agreement. We find nothing in the interim agreement that required husband to repay his past due obligations in a particular manner. Nor is there anything in the agreement that prevented husband from meeting his past due contractual obligations in a lump sum payment.

The interim agreement outlined the parties' rights and obligations during the pendency of the proceedings. Although husband had a number of financial obligations under the interim agreement, none of those obligations required him to pay wife $86,000.[5] Accordingly, the circuit court erred by failing to grant husband a credit for the lump sum payment.

Wife relies on Acree v. Acree, 2 Va. App. 151 (1986), to argue that husband should not be granted a credit for the $86,000 payment because it amounts to a credit for a nonconforming payment towards delinquent support, which is generally prohibited under Virginia law. In Acree, this Court allowed a credit for a nonconforming payment only where "the custodial parent has by his or her own volition entered into an agreement to relinquish custody on a *permanent*

---

[5] The funds used are the proceeds of the sale of real estate belonging to a separate business entity. We note that husband's use of these funds, from an entity that he himself agreed was marital property, may have impacted equitable distribution. The parties, however, agreed to a property settlement agreement and the circuit court never had to resolve that issue. Consequently, that issue is not before us.

basis and has further agreed to the elimination of support payments and *such agreement has been fully performed*." Id. at 157. Wife argues that the condition has not been met because there was no agreement to permanently relinquish custody or to eliminate support payments.

Acree, however, does not apply here. In Acree, the parties' support agreement was incorporated into the final decree of divorce. Consequently, the support obligations were court ordered. Here, the interim agreement permitted either party to submit the interim agreement for adoption as a *pendente lite* order. Neither did so. As a result, husband's obligations are contractual in nature only. Our case law does not prohibit nonconforming payments, here a lump sum payment, towards past due contractual obligations.

Wife suggests that husband testified that the payment was outside of spousal support. This takes husband's testimony out of context. Husband was asked if, other than the funds listed as spousal support on a sheet he reviewed—which appears to be wife's exhibit 2, listing monthly support payments actually made—if he had paid $86,000 to wife. Husband clarified by asking "outside of the quote/unquote 'spousal support'?" Husband did not testify that the payment was not spousal support. Rather, his use of the "quote/unquote language" indicates only that it was a payment made that was not included on wife's exhibit as a spousal support payment.

Because the interim agreement was not incorporated into or adopted by a court order, its requirements are contractual in nature only. Nothing in the agreement prevented husband from making a lump sum payment towards past due obligations. Therefore, the circuit court erred by failing to give husband credit for the $86,000 payment towards his past due obligations.[6]

---

[6] Husband also argues on brief that the circuit court should have taken into account the unanticipated change in custody, namely the son moving in with husband, when considering the past due amount of child support. Husband appears to have raised this as an alternative issue. On brief, husband begins this argument by saying, "Should the Court not find in favor of the husband's foregoing argument, the unanticipated change in circumstances as to custody, when the agreement was made, should have been taken into account." Because this is an alternative

- 6 -

III. CONCLUSION

For these reasons, we reverse the decision of the circuit court and remand for proceedings consistent with this opinion.

<u>Reversed and remanded.</u>

---

argument and we agree with husband's argument about the credit for the $86,000 payment, we do not address this issue.